UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 03-CV-12417-PBS

JON M. TAYLOR,

Plaintiff

v

TOWN OF FREETOWN, CARLTON E. ABBOTT JR., individually
and as Chief of the Freetown Police Department, and WALTER J. SAWICKI,
individually and as Lieutenant of the Freetown Police Department,

Defendants

**FINDINGS AND RECOMMENDATION ON
DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S
FIRST AMENDED COMPLAINT
(Docket # 8)**

ALEXANDER, M.J.

The plaintiff, Jon M. Taylor, a police officer in the town of Freetown, Massachusetts, brings this civil rights claim against his employer, the Town of Freetown, and two of his supervising officers, Carlton E. Abbott Jr. and Walter J. Sawicki, in both their official and individual capacities (collectively, "the defendants"). Officer Taylor brings his various claims pursuant to 42 U.S.C. § 1983; the Massachusetts Civil Rights Act, Mass. Gen. Laws. ch. 12, §§ 11H and I (the "MCRA"); and Mass. Gen. Laws ch. 149, § 185, Massachusetts' whistleblower statute (the "Whistleblower Act"). Officer Taylor also alleges common law claims of intentional interference with advantageous business relations and defamation. On May 3, 2003, the defendants filed a motion to

dismiss, and the matter is now before this Court pursuant to an Order of Reference requesting a Report and Recommendation on that motion. This Court has carefully considered both the defendants' motion and the plaintiff's opposition. For the reasons set forth more fully below, this Court RECOMMENDS that the defendants' motion be ALLOWED.

## RELEVANT BACKGROUND

In deciding the defendants' motion to dismiss, this Court must accept as true all well-pleaded facts and extend Officer Taylor the benefit of all reasonable inferences. Raytheon Co. v. Cont'l Cas. Co., 123 F. Supp. 2d 22, 24 (D. Mass. 2000). With this standard in mind, the facts underlying this case, as taken from Officer Taylor's complaint, are as follows.

Officer Taylor has been employed as a full-time police officer by the town of Freetown since September 1997. In July 1998, Carlton Abbott Jr. became Freetown's Chief of Police. Shortly thereafter, another Freetown police officer, Elton Ashley, under the direction of Chief Abbott, asked Officer Taylor whose "side" he was on - Chief Abbott's or a different group of officers - and was told that if he was not on Chief Abbott's "side" he would be "'on the outside looking in.'" Officer Taylor stated that he was politically neutral. In September 1998, Officer Ashley again approached Officer Taylor, along with another officer, and told Officer Taylor that Chief Abbott had asked them to ask Officer Taylor if he would "'cover up'" falsifications of time slips related to

police details performed for White Mountain Cable Company. Officer Taylor refused to participate in any cover-up.

Shortly after this conversation occurred, Chief Abbott "openly and continuously began a pattern and practice of retaliation against" Officer Taylor. Officer Taylor alleges that some of the retaliatory acts were conducted by individuals other than Chief Abbott, including Lieutenant Walter J. Sawicki. The retaliatory acts, as generally alleged by Officer Taylor, include, among other things, unjustly accusing Officer Taylor of falsifying departmental records; unjustly denying Officer Taylor training, teaching and related career opportunities; denying Officer Taylor favorable shifts and assignments; unjustly and repeatedly precluding Officer Taylor from competing for police sergeant positions; and maligning Officer Taylor's character and reputation within the Freetown Police Department. Officer Taylor also alleges that Chief Abbott had evidence of wrong-doing within the police department and that Chief Abbott failed to act on that information.

On October 26, 2000, November 22, 2000, July 17, 2002, and June 27, 2003, Officer Taylor wrote to Chief Abbott and the Freetown Board of Selectmen regarding some of his concerns. Officer Taylor's June 27, 2003, letter specifically addresses his claims of retaliation. On July 24, 2003, the Board of Selectmen responded to Officer Taylor, in writing, stating that it had investigated his complaints, but that it found nothing to substantiate his claims of retaliation. On October 2, 2003, Officer Taylor sent the Board of Selectmen a "written presentment of his claims," and on December 1, 2003,

filed his complaint against Freetown, Chief Abbott, and Lieutenant Sawicki. Officer Taylor did not serve the original complaint, but filed an amended complaint on March 23, 2004, and served the amended complaint on March 25, 2004. Defendants thereafter filed this motion to dismiss.

## ANALYSIS

The purpose of a motion to dismiss is to determine whether a complaint, in accordance with Fed. R. Civ. P. 8(a)(2), contains "a short and plain statement of the claim showing that the pleader is entitled to relief." E.g., Raytheon Co., 123 F. Supp. 2d at 26. Pursuant to this standard, a plaintiff need not "set out in detail the facts upon which he bases his claims." Id. at 27 (citing Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168 (1993)).

It is well established that "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Castegneto v. Corporate Express, Inc., 13 F. Supp. 2d 114, 116 (D. Mass. 1998) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). "'[T]he issue is not whether the plaintiff will ultimately prevail, but whether that party is entitled to offer evidence to support its claims.'" Raytheon, 123 F. Supp. 2d at 27 (quoting Day v. Fallon Cmty. Health Plan, Inc., 917 F. Supp. 72, 75 (D. Mass. 1996)). Therefore, the District Court may only dismiss Officer Taylor's claims if, extending every reasonable inference in Officer Taylor's favor, it finds that Officer

4

Taylor's claims are legally insufficient to state a claim. Coyne v. City of Somerville, 972 F.2d 440, 442-43 (1st Cir. 1992). With this standard in mind, the Court turns to the defendants' arguments in favor of dismissal.[1]

I. The Defendants' Statute of Limitations Argument

The defendants' first argument, and one with which the Court agrees, is that the various statutes of limitation that apply to Officer Taylor's claims bar those claims. Count I of Officer Taylor's complaint, arising under 42 U.S.C. § 1983, alleges that the defendants interfered, or attempted to interfere, with Officer Taylor's First Amendment right to free speech by retaliating against him for raising matters of "public concern" regarding unlawful or improper conduct within the Freetown Police Department. Section 1983 does not contain its own statute of limitations and the Court therefore must look to Massachusetts state law to determine the limitations period. See Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991). "The Supreme Court directs federal courts adjudicating civil rights claims under 42 U.S.C. § 1983 to borrow the statute of limitations applicable to personal injury actions under the law of the forum state. . . . In Massachusetts, that statute is

---

[1] Although a motion pursuant to Rule 12(b)(6) often is converted to a motion pursuant to Rule 56 when, as here, the moving party attaches documents and exhibits to the motion, see Rule 12(b)(6), the Court is afforded discretion in deciding whether to convert the motion to one for summary judgment. Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 18-19 (1st Cir. 1992); Davidson v. Cao, 211 F. Supp. 2d 264, 267 n.2 (D. Mass 2002.). Notwithstanding the attachments to the motion, the Court finds that the motion is treated properly as one to dismiss pursuant to Rule 12 rather than as a motion for summary judgment pursuant to Rule 56. See Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33-34 (1st Cir. 2001); Bedall v. State St. Bank & Trust Co., 137 F.3d 12, 16-17 (1st Cir. 1998). Additionally, the parties are in agreement that the motion should be governed by Rule 12.

M.G.L. c. 260, § 2A" which provides that actions to recover for personal injuries "shall be commenced" within three years after the cause of action accrues. Id. (internal citations omitted). Therefore, Officer Taylor can not rely on events that occurred more than three years prior to the December 1, 2003, date that he commenced this action, or December 1, 2000.

Although Officer Taylor does not dispute the three-year statute of limitations, he argues that the "continuing violation doctrine" applies to his First Amendment claims, and tries to "anchor" events that occurred prior to December 1, 2000, to events that occurred within the limitations period.[2] The federal courts, as well as the Massachusetts state courts, have recognized the continuing violation doctrine as

> an equitable exception that allows an employee to seek damages for otherwise time-barred allegations if they are deemed part of an ongoing series of discriminatory acts and there is some violation within the statute of limitations period that anchors the earlier claims.

O'Rourke v. City of Providence, 235 F.3d 713, 730 (1st Cir. 2001) (citations and internal quotations omitted). See also Nat'l RR Passenger Corp. v. Morgan, 536 U.S. 101, 113-16 (2002). The problem for Officer Taylor, as he himself seems to recognize, is that the continuing violation doctrine applies in cases involving, as the above description explains, "discriminatory acts." Office Taylor alleges that his civil rights have been violated, because he has suffered retaliation for exercising his right to free speech, but he

---

[2] Officer Taylor also argues that the continuing violation doctrine should apply to his claim pursuant to the Whistleblower Act as further discussed infra Section III.

does not complain of discrimination as have other plaintiffs who have benefitted from the continue violation doctrine. E.g., Morgan, 536 U.S. at 104-05 (hostile work environment based on race); Davis v. Lucent Techs., 251 F. 3d 227, 229 (1st Cir. 2001) (sexual harassment); O'Rourke, 235 F.3d at 730 (hostile work environment based on sex). This Court is not aware of any cases applying the continuing violation doctrine to claims such as Office Taylor's, and the Court declines to apply or extend the doctrine to this case.[3] Officer Taylor may not, then, rely on events that occurred prior to December 1, 2000, in support of his claims pursuant to 42 U.S.C. § 1983.

II.   Officer Taylor's First Amendment Claim

Officer Taylor brings his First Amendment violation claims against Freetown as well as against Chief Abbott and Lieutenant Sawicki both individually and in their official capacities. The individual claims against Chief Abbott and Lieutenant Sawicki require a separate analysis from the claim against Freetown and Chief Abbott and Lieutenant Sawicki in their official capacities, and it is the individual claims that the Court will consider first.

---

[3] As Office Taylor points out, the District Court in Bennett v. City of Holyoke was presented with a similar argument from the plaintiff in that case relevant to his claim under the Massachusetts Whistleblower Act. Bennett v. City of Holyoke, 230 F. Supp. 2d 207, 220 (D. Mass. 2002), aff'd, 262 F.3d 1 (1st Cir. 2004). In an attempt to avoid summary judgment of that claim, the plaintiff, a former sergeant with the City of Holyoke Police Department, argued that two acts of retaliation that occurred outside of the applicable limitations period were part of a continuing violation. Id. The Court did not reach the continuing violation issue because the two acts could not be considered for other, independent reasons. Id.

The First Circuit has laid out the elements a public employee such as Officer Taylor must show in order to prevail on a First Amendment claim against individuals in more than one recent opinion. E.g., Fabiano v. Hopkins, 352 F.3d 447, 453 (1st Cir. 2003); Mullin v. Town of Fairhaven, 284 F.3d 31, 37-38 (1st Cir. 2002). First, the speech at issue must involve a matter of public concern. Mullin, 284 F.3d at 37. Second, if the speech does involve a matter of public concern, the Court, following the Supreme Court's decision in Pickering v. Board of Education, must balance the plaintiff's and the public's First Amendment interests against the "counterveiling government interest in promoting efficient performance of the public service the government agency or entity must provide through its public officials." Id. at 37-38 (citations and internal quotations omitted). Third, if the First Amendment interests outweigh a legitimate government interest in curtailing speech, the plaintiff must show that the protected speech was a substantial or motivating factor in the adverse action taken against the plaintiff. Id. at 38.

The Court does not believe that a detailed analysis of Officer Taylor's expressions, and whether those expressions addressed matters of public concern, is necessary because the conduct directed at Officer Taylor within the limitations period does not amount to adverse employment action. Officer Taylor states that on July 21, 2003, a few weeks after his last letter to the Freetown Board of Selectmen, he received a letter from Chief Abbott that "insinuated" that Officer Taylor "engaged in racial profiling while performing traffic duty." First Amended Complaint, ¶ 21. The letter further "'directed'" Officer

Taylor to "'familiarize' himself with applicable departmental policies and 'encouraged' [Officer Taylor] to 'voluntarily modify his conduct to avoid real or perceived allegations of racial or gender profiling.'" Id. The only other event that appears to have occurred during the limitations period involves the filing of a "complaint" by Lieutenant Sawicki with Chief Abbott about Officer Taylor. Id. at ¶ 27. Neither of these documents, however, demonstrate or constitute adverse action taken against Officer Taylor. Chief Abbott's letter simply directed Officer Taylor to familiarize himself with police department policies. Although Office Taylor may believe that Chief Abbott unfairly suggested that Officer Taylor engaged in racial profiling, and that Lieutenant Sawicki unfairly complained about Officer Taylor, nothing in these actions amounts to the adverse employment action that Office Taylor would need to prove in support of his First Amendment claims against Chief Abbott and Lieutenant Sawicki individually.

Officer Taylor runs into the same limitations problems with his claims against Freetown and Chief Abbott and Lieutenant Sawicki in their official capacities. Even if, however, the Court were to consider actions that occurred outside of the limitations period, the facts as alleged by Officer Taylor fail to state a claim upon which relief can be granted. To establish liability against Freetown, and against Chief Abbott and Lieutenant Sawicki in their official capacities, Officer Taylor "must prove deprivation of a constitutional right by means of 'the execution of the government's policy of custom.'" Fabiano, 352 F.3d at 452 (1st Cir. 2003) (quoting City of Canton v. Harris, 489 U.S. 378,

385 (1989). The facts as alleged, even when taken as true, fail to identify a policy or custom of retaliation against police officers who exercise their First Amendment rights by voicing concerns about matters within the Police Department.

### III. Officer Taylor's Other Claims

The three-year statue of limitations applicable to Officer Taylor's First Amendment claim also applies to Counts II, IV, and V of Officer Taylor's complaint. Counts II, IV, and V allege, respectively, violations of the MCRA, intentional interference with advantageous business relations, and defamation. Because the limitations problem that Officer Taylor faces with his First Amendment claim applies with equal force to these three claims, the Court will not engage in a lengthy analysis of the claims. The events that allegedly occurred within the limitations period are not sufficient upon which to state claims for relief.

Finally, Officer Taylor also raises a claim under the Whistleblower Act, in Count III of his complaint. This claim is subject to a shorter, two-year limitations period. Although Officer Taylor makes a continuing violation doctrine argument related to his claim under the Whistleblower Act, the Court is, again, not inclined to apply the continuing violation doctrine to this case. None of the events that occurred between December 1, 2001, and December 1, 2003, are sufficient to state a claim for relief pursuant to the Whistleblower Act.

**CONCLUSION**

For the foregoing reasons, this Court RECOMMENDS that the District Court ALLOW the defendants' motion to dismiss.

SO ORDERED.

_11/9/04_
Date

_/s/ [signature]_
United States Magistrate Judge