UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JON M. TAYLOR, <br>                Plaintiff, <br><br> v. <br><br> TOWN OF FREETOWN, <br><br> CARLTON E. ABBOTT, Jr., ESQ., <br> Individually and as Chief of the Freetown <br> Police Department, and <br><br> WALTER J. SAWICKI, <br> Individually and as Lieutenant of the <br> Freetown Police Department <br>                Defendants | C.A. 03-12417-PBS |

### PLAINTIFF'S OBJECTIONS TO MAGRISTRATE JUDGE'S FINDINGS AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

COMES now Jon M. Taylor, plaintiff in the above-captioned matter ("Plaintiff" or "Officer Taylor"), and, pursuant to Rule 72 of the Federal Rules of Civil Procedure and Rule 3(c) of the Rules for United States Magistrates Judges in the United States for the District of Massachusetts, objects to United States Magistrate Judge Alexander's findings and order recommending the dismissal of Plaintiff's First Amended Complaint ("Findings and Recommendation").

I.     INTRODUCTION

Pending before this Honorable Court is a Rule 12(b)(6) motion of defendants Town of Freetown, Carlton E. Abbott, Jr., Esq., and Walter J. Sawicki ("Defendants") to which Plaintiff

has objected.[1] Pursuant to an Order of Reference by District Court Judge Patti B. Saris, Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) and Plaintiff's opposition thereto were referred to Magistrate Judge Joyce London Alexander, on July 23, 2004 for a Report and Recommendation on the matter. Pursuant to that order, Magistrate Alexander issued findings and a recommendation of dismissal, dated November 9, 2004.

Plaintiff respectfully objects to the Findings and Recommendation and timely files his objections thereto, under Fed.Civ.P.72(b). According to Rule 72(b):

> Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings (of a magistrate judge) . . . The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

In a similar vein, Rule 3(c) supra reads as follows:

> Within 10 days of being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. The written objections must specifically identify portions of the proposed findings and recommendations or report to which objection is made and the basis for the objection . . .
>
> The district judge to whom the case is assigned must make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's recommended disposition to which specific written objection has been made in accordance with this Rule. The district court judge, however, need not conduct a new hearing and may consider the record developed before the magistrate judge, making a determination on the basis of that record. The district judge may accept, reject or modify the recommended disposition, receive further evidence or recommit the matter to the magistrate judge with instructions.

Magistrate Judge Alexander's order recommending dismissal of Plaintiff's Complaint is predicated on two grounds: 1) on findings that Plaintiff failed to state

---

[1] See Plaintiff's Motion and Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint ("Opposition"), filed June 14, 2004, at 13 and n.11.

2

sufficiently claims within the limitations period for which he is entitled to relief, and 2) on findings that reject Plaintiff's argument that the continuing violation doctrine is applicable to his claims. See Findings and Recommendation at 10-11. See also Section D infra. Plaintiff respectfully disagrees with the foregoing, and, for the reasons that follow, respectfully submits that the Magistrate Judge's order, based on the record presented, is clearly erroneous and contrary to law.

## II.    OBJECTIONS

### A.    THE JUDGE MAGISTRATE COMMITTED A SERIOUS ERROR OF LAW BY FINDING THAT PLAINTIFF FAILED TO PLEAD SHORT AND PLAIN FACTS TO SUPPORT HIS CLAIMS.

Rule 8(a)(2) of the Federal Rules of Civil Procedure merely requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Recently, the First Circuit revisited the legal standard for pleading requirements in civil rights cases and held that heightened pleading is no longer a requirement. See Educadores Puertorriqueños En Acción v. Hernández, 367 F.3d 61, 66-67 (2004) (the First Circuit rejected the heightened pleading standard in all civil rights cases, holding instead that such actions are subject to the general notice pleading requirements of Rule 8(a)). Moreover, Justice Seyla, in writing the opinion, made it "perfectly clear" that the First Circuit's holding "is not contingent on the type of civil rights case, the capacity in which a particular defendant is sued, the availability vel non of a qualifed immunity defense, or the need (or lack of need) for proof of illegal motive." Id. at 67.

As pled, in paragraphs 7-29 of his first amended complaint ("Complaint"),[2] Plaintiff asserts detailed factual allegations to support his civil rights and common law claims. For example, in paragraph 13 of the Complaint, Officer Taylor claims that the Defendants engaged in

---

[2] See First Amended Complaint ("Complaint"), and Exhibits A-E annexed thereto. filed March 23, 2004.

3

a pattern and practice of numerous acts of unlawful adverse employment action, including, but not limited to:

> a) unjustly accusing Plaintiff of falsifying departmental records and conduct unbecoming an officer; b) unjustly denying Plaintiff advantageous training, teaching, and related career opportunities; c) unjustly differentially treating Plaintiff in terms and conditions of employment, such as denying Plaintiff more favorable shifts and assignments, depriving him of overtime opportunities, and subjecting him to closer supervision than some of his colleagues; d) unjustly and repeatedly precluding Plaintiff from competing for police sergeant positions within the department, despite Plaintiff's sound qualifications and interest in career advancement; e) maligning Plaintiff's good character and reputation within the Freetown Police Department, the community, and to third parties by falsely alleging, for example, that Plaintiff has a mental disorder, feigned a serious work-related injury, and is professionally incompetent; f) intimidating and coercing the Plaintiff, such as threatening him with, and pressuring him to stipulate to, unwarranted disciplinary action; g) tampering with Plaintiff's personnel file; and h) advising a newly appointed supervisor to "watch out for Officer Taylor" and "to write him up for whatever you can."

Under the legal standard of a Rule 12(b)(6) motion, when the Complaint is liberally construed in a light most favorable to Plaintiff, these averments are neither "bald assertions, unsupportable conclusions (n)or opprobrious epithets, but rather detail specific acts of misconduct committed by Defendants." See Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, 958 F.2d 15, 17 (1st Cir. 1992); compare Chongris v. Bd. of Appeals, 811 F.2d 36, 37 (1st Cir. 1987), cited in Educadores supra ("in considering motions to dismiss courts should continue to 'eschew any reliance on bald assertions, unsupportable conclusions, and opprobrious epithets'"). Hence, Plaintiff has fulfilled his obligation under Rule 8(a)(2) in giving Defendants fair notice of what his Complaint is about and the grounds on which it rests. See Conley v. Gibson, 355 U.S. 41, 47, L.Ed. 2d 80, 78 S.Ct. 99 (1957), cited in Educadores supra at 66. To require more specificity than what Plaintiff already has pled would be contrary to the First Circuit's latest pronouncement on notice pleading requirements of Rule 8(a). On the other hand, if this Honorable Court deems otherwise, then Plaintiff asks that the Court exercise its discretion under

4

Rule 72(b) and consider additional evidence in this matter before ruling on Defendants' dispositive motion, or, in the alternative, allow Plaintiff leave to amend under Rule 15(a).[3]

B. BY FINDING THAT PLAINTIFF FAILED TO ARTICULATE CLAIMS OF ADVERSE EMPLOYMENT ACTION IN RETALIATION FOR EXERCISING HIS FIRST AMENDMENT RIGHT TO FREE SPEECH, THE MAGISTRATE JUDGE COMMITTED A SERIOUS ERROR OF LAW.

In Section II of the Findings and Recommendation, Judge Magistrate Alexander concluded that Defendants took no adverse employment action against Plaintiff within the limitations period. See Findings and Recommendation at 9. In particular, the Judge Magistrate opined that "nothing in these actions (specifically, Chief Abbott's insinuation of potential racial profiling and Lieutenant Sawicki's filing a complaint against Plaintiff for insubordination and conduct unbecoming an officer)[4] amount to the adverse action that Office (sic) Taylor would need to prove in support of his First Amendment claims against Chief Abbott and Lieutenant Sawicki individually." See Findings and Recommendation at 9. As for Plaintiff's other purported incidents of unjustified retaliation, such as the undated claims of adverse employment action stated in paragraph 13 of the Complaint supra, although the Magistrate Judge accepted as true such averments, and, indeed, referred to same in her order,[5] this proffered evidence was ultimately ignored in her Honor's analysis of Plaintiff's multiple retaliation claims for exercising his First Amendment. See Findings and Recommendation at 9. Thus, by failing to consider these adverse employment actions, Judge Magistrate Alexander committed a serious error of law.

---

[3] See Plaintiff's Motion to Submit Additional Evidence in Support of Objections to Magistrate Judge's Findings and Recommendation to Dismiss Plaintiff's First Amended Complaint; and, annexed thereto, Affidavit of Howard Mark Fine, Esquire ("Affidavit") and Exhibits A-F.

[4] See Complaint, ¶¶21, 27.

[5] See Findings and Recommendation at 3; see also Complaint at ¶¶13 and Exhibit D, annexed thereto.

5

The First Circuit has defined an adverse employment action "as one that "materially changes(s) the conditions of plaintiff's employ." See Blackie v. Maine, 75 F.3d 716, 725 (1st Cir. 1996). "Material changes include 'demotions, disadvantageous transfers or assignments, refusals to promote, unwarranted negative evaluations, and toleration of harassment by other employees.'" Id. (quoting Hernandez –Torres v. Intercontinental Trading, Inc., 158 F.3d 43, 47 (1st Cir. 1998). Similarly, the First Circuit has held that a police officer's transfer to another unit for allegedly having made serious and specific charges of police corruption establishes a "colorable First Amendment violation. See Dirraine v. Brookline Police Dept., 315 F.3d 65, 70 (1st Cir. 2002). The First Circuit also has held that "(m)inor slights or indignities . . . when compounded over time and considered collectively, may rise to the level of an adverse employment action. Martin v. Inhabitants of City of Biddeford, 261 F.Supp.2d 34, 37 (D.Me. 2003).

In applying the legal principles gleaned from the above case law to the instant matter, the Complaint, as presently drafted, sufficiently articulates numerous examples of inter-connected retaliatory adverse actions arising out of his voicing concerns about Defendants' failure to investigate and address Plaintiff's ongoing claims of police corruption.[6] Moreover, the harassment Plaintiff claims not only had the cumulative effect of creating material changes in Plaintiff's workplace, but also resulted in substantial changes to Plaintiff's terms and conditions of employment, as noted, for example, in paragraph 13 of the Complaint. Compare Martin supra at 38 (in adopting the Magistrate Judge's recommendation of dismissal of plaintiff's state and federal employment discrimination claims, the District Court opined *inter alia* that plaintiff being "stripped of cell phone and personal fax machine" did not constitute material changes in

---

[6] See Complaint at ¶¶13, 18-22, 25-27; Cf. Affidavit, Exhibit A (letter from Town Clerk confirming that no public records exist concerning the investigation of any complaints filed by Plaintiff).

6

her working conditions). Moreover, Plaintiff's additional evidence reveals that by being "counseled" by Sergeant Abbot on September 27, 2004 and brought up on formal charges by Defendant Abbott on November 8, 2004, the harassment continues to the present day.[7]

A fair and liberal construction of Plaintiff's Complaint warrants a finding that Plaintiff has sufficiently alleged adverse employment actions against him for which he is entitled relief under his civil rights claims. Accordingly, Plaintiff respectfully submits that this Honorable Court reject that Magistrate Judge's Findings and Recommendation to dismiss Plaintiff's §1983 claim (Count I).

### C. BY FINDING THAT PLAINTIFF FAILED TO IDENTIFY A POLICY OR CUSTOM OF RETALIATION AGAINST POLICE OFFICERS WHO EXERCISE FIRST AMENDMENT RIGHTS, THE MAGISTRATE JUDGE COMMITTED A SERIOUS ERROR OF LAW.

Plaintiff objects to Magistrate Judge Alexander's finding that Plaintiff "fail(ed) to identify a policy or custom of retaliation against police officers who exercise their First Amendment rights by voicing matters within the Police Department," on grounds that such a finding is inapposite to the facts alleged. See Findings and Recommendation at 10.

As pled, the purported facts clearly indicate that Plaintiff's employer and superiors, after Plaintiff complained about police corruption to Chief Abbott and the Town of Freetown, began a pattern and practice of retaliation.[8] Supra. In addition, Plaintiff states that Defendants Town of Freetown and Abbott similarly engaged in actions against Marc Rourke (sic) and two other employees (Police Officers Terrence Christiansen and Charles Sullivan).[9] Further still, Plaintiff specifically alleges that Defendant Town of Freetown has a custom and/or policy of violating

---

[7] See Affidavit, Exhibits B-C.

[8] See Complaint, at ¶13.

[9] Supra at ¶¶14, 23; see also Affidavit, Exhibits D-F (copies of civil rights complaints filed by Plaintiff's fellow police officers alleging retaliation for speaking out against discrimination in the Freetown Police Department).

7

rights of its citizens, which includes Freetown Police Department employees).[10] See Tyler v. City of Mountain Home, Ark., 72 F.3d 568, 70 8th Cir. 1995), quoted Bennett v. City of Holyoke, 230 F.Supp.2d 207, 225 (D.Mass. 2002), aff'd. 262 F.3d 1 (1st Cir. 2004) ("law enforcement agencies, as paramilitary organizations, are qualitatively different from other governmental branches; law enforcement employees are 'subject to greater First Amendment restraints than most other citizens'") (emphasis added). Lastly, Plaintiff avers that while acting under the color of law, Plaintiff's right to free speech under the First Amendment was violated by Defendants, who attempted to suppress his First Amendment right by taking adverse employment action against him.[11] When viewed as a whole, these claims support Plaintiff's §1983 claim based on a First Amendment violation. Where Plaintiff is required only to provide a short and plain statement of facts under Educadores supra, a fair and liberal reading of the Complaint warrants a finding that Plaintiff articulated a sufficient legal claim to withstand Defendants' dispositive motion. In the alternative, should the District Court rule otherwise, Plaintiff submits that any drafting errors may easily be cured simply by allowing Plaintiff to amend, pursuant to Fed.R.Civ.P. 15(a), under which "leave shall be freely given when justice so requires. See Williams v. Astra USA, Inc., 68 F.Supp.2d 29680 (D.Mass. 1999) (provided that plaintiff has at least colorable grounds for relief, it is customary to grant leave to amend upon allowance of a Rule 12(b)(6) motion).

---

[10] See Complaint at ¶28.

[11] Id. at ¶¶30-33.

8

### D. BY FINDING THE CONTINUING VIOLATION DOCTRINE INAPPLICABLE TO PLAINTIFF'S CLAIMS, THE MAGISTRATE JUDGE COMMITTED A SERIOUS ERROR OF LAW.

Magistrate Judge Alexander's recommendation to dismiss also hinges on findings that the events that give rise to Plaintiff's Complaint are time-barred. See Findings and Recommendation at 5, 10-11. Such findings, however, ignore case law that allows otherwise time-barred civil rights cases and other actions under the continuing violation doctrine.

First, it cannot be ascertained, from the plain wording of the Complaint, whether the events contained in paragraph 13 supra fall outside the applicable statute of limitations. Where the Court is required to construe the Complaint in a light most favorable to Plaintiff, a Rule 12(b)(6) motion should not lie, since it is not reasonably clear that Plaintiff is unable to establish her claim with the limitations period. Baxter v. Conte, 190 F.Supp.2d 123, 126 (D.Mass. 2001) quoting Conley v. Gibson supra at 355 U.S. 41, 45, 46 (a motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). See Baxter v. Conte, 190 F.Supp.2d 123, 126 (D.Mass. 2001), quoting Conley v. Gibson supra at 355 U.S. 41, 45, 46 (a motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief").

Second, in citing to the recent Massachusetts Supreme Judicial Court case of Cuddyer, a sexual harassment case, Plaintiff argues that he should be allowed to pursue his civil rights and whistle-blowing claims since they are based on properly anchored allegations of a serial violation.[12] See Cuddyer v. Stop & Shop Supermarket Co., 434 Mass. 521, 750 N.E.2d 928, 941, 942 (Mass. 2001). Although Judge Magistrate Alexander correctly points out that Plaintiff has

---

[12] Id.

9

not pressed claims of discrimination, Plaintiff respectfully disagrees with her Honor's suggestion that the continuing violation doctrine is an equitable remedy applicable exclusively to discrimination cases. See Findings and Recommendation at 6.[13] Indeed, a further review of relevant case law reveals that in this jurisdiction, this doctrine has been applied in more than once instance in a variety of cases.

For example, in a recent continuing violation case before District Court Judge Saris, the Court rejected defendants' motion for judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c), in which an individual defendant argued that the civil rights action against her was statutorily barred because it was untimely. See Capozzi v. Department of Transp., 135 F.2d 87, 96-97 (D.Mass. 2001). In that case, plaintiffs alleged an ongoing pattern of administrative and regulatory misconduct and brought *inter alia* civil rights claims pursuant to Title 42 U.S.C. §1983 as well violations of the First Amendment to the United States Constitution and the state constitution. Id. at 94. In so ruling, Judge Saris determined that under the criteria set forth in O'Rourke, the plaintiffs articulated a serial violation claim with sufficient clarity to withstand a motion to dismiss on timeliness grounds. Id. at 96 citing O'Rourke v. City of Providence, 235 F.3d 713, 731 (1st Cir. 2001) (adequacy of a serial violation claims rests on 1) sufficient similarity such that there is a substantial relationship between timely and untimely acts; 2) the frequency, repetition, and continuity of the timely and untimely acts; and 3) sufficient permanence of the acts to trigger awareness of the need to assert one's rights). In applying this criteria to the case at bar, Plaintiff respectfully submits that the facts in the instant matter, like those in Capozzi, create a reasonable inference to suggest that the similarity, frequency, timing and pattern of harassment and other adverse acts suggest a continuing violation to warrant the

---

[13] As explained by the Judge Magistrate, "(t)he problem for Officer Taylor, as he himself seems to recognize, is that the continuation violation doctrine applies in cases involving . . . "discriminatory acts."

necessity of discovery. Compare Hodas v. Sherburne, Powers & Needham, P.C., 938 F.Supp. 58, 60 (D.Mass. 1996) (in which the District Court denied defendants' Rule 12(b)(6), holding that the three-year statute of limitations, pursuant to M.G.L. c. 260, §2A, did not bar a civil action for legal malpractice in a real estate matter).

Further review of decisional law in this area also revealed that at least one other jurisdiction outside Massachusetts has applied this doctrine to First Amendment claims based on free speech violations. See Rindley v. Gallagher, 890 F.Supp. 1540, 1549 (S.D.Fla. 1995) (in which the District Court in Florida found a substantial nexus between time-barred acts and timely asserted events, and allowed plaintiffs to proceed with §1983 claim alleging retaliation by state agency for engaging in commercially protected speech under the First Amendment); see also Wise v. New York City Police Dept. 928 F.Supp. 355, 366-368 (S.D.N.Y. 1996) (in denying the defendants' motion for summary judgment, the Southern District of the United States District Court rejected the statute of limitations defense and instead allowed a female police officer to litigate five year old claims under the exception of the continuing violation doctrine based on a §1983 action for violation of the Fourteenth Amendment).

Should this Honorable Court, however, share Magistrate Judge Alexander's reluctance to apply the continuing violation doctrine to Plaintiff's other civil rights claims - namely, Plaintiff's Massachusetts Civil Rights Act violation (Count II) and state whistle-blowing claim (Count III) – then Plaintiff respectfully requests that the Court abstain from deciding whether the continuing violation doctrine should apply to these claims and instead certify this matter as question of law to the Massachusetts Supreme Judicial Court, as allowed pursuant to Rule 1:03(1).[14] Cf.

---

[14] Supreme Judicial Court Rule 1:03(1), in relevant part, reads as follows:

> This Court may answer questions of law certified to it by the . . . United States District Court . . . if there are involved in any proceeding before it questions of law of this state which may be

necessity of discovery. Compare Hodas v. Sherburne, Powers & Needham, P.C., 938 F.Supp. 58, 60 (D.Mass. 1996) (in which the District Court denied defendants' Rule 12(b)(6), holding that the three-year statute of limitations, pursuant to M.G.L. c. 260, §2A, did not bar a civil action for legal malpractice in a real estate matter).

Further review of decisional law in this area also revealed that at least one other jurisdiction outside Massachusetts has applied this doctrine to First Amendment claims based on free speech violations. See Rindley v. Gallagher, 890 F.Supp. 1540, 1549 (S.D.Fla. 1995) (in which the District Court in Florida found a substantial nexus between time-barred acts and timely asserted events, and allowed plaintiffs to proceed with §1983 claim alleging retaliation by state agency for engaging in commercially protected speech under the First Amendment); see also Wise v. New York City Police Dept. 928 F.Supp. 355, 366-368 (S.D.N.Y. 1996) (in denying the defendants' motion for summary judgment, the Southern District of the United States District Court rejected the statute of limitations defense and instead allowed a female police officer to litigate five year old claims under the exception of the continuing violation doctrine based on a §1983 action for violation of the Fourteenth Amendment).

Should this Honorable Court, however, share Magistrate Judge Alexander's reluctance to apply the continuing violation doctrine to Plaintiff's other civil rights claims - namely, Plaintiff's Massachusetts Civil Rights Act violation (Count II) and state whistle-blowing claim (Count III) – then Plaintiff respectfully requests that the Court abstain from deciding whether the continuing violation doctrine should apply to these claims and instead certify this matter as question of law to the Massachusetts Supreme Judicial Court, as allowed pursuant to Rule 1:03(1).[14] Cf.

---

[14] Supreme Judicial Court Rule 1:03(1), in relevant part, reads as follows:

> This Court may answer questions of law certified to it by the . . . United States District Court . . . if there are involved in any proceeding before it questions of law of this state which may be

Hendrickson 365 Mass. 83, Mass., 310 N.E.2d 131, 133 (1974) (in dicta, the Court opined that in deciding a matter of first impression, the Court "should take account of modern legal thought on the subject as well as of such limitations as we can find in our own opinions on related points").

Finally, with respect to Counts IV and V, where multiple causes of action have been pled that arise from the same set of facts, and involve claims of continuing violation brought pursuant to §1983 and the state whistle-blowing law, Officer Taylor should not be prevented from prosecuting related common law tort claims conceivably outside the limitations period under Massachusetts law. See Findings and Recommendation at 10. See Hendrickson v. Sears, supra ("[t]hat the limitation statutes should apply equally to similar facts regardless of the form of proceeding is an intrinsically sound proposition"). See also M.G.L. c. 149, §185(5)(d) ("all remedies available in common law tort actions shall be available to prevailing plaintiffs"). Whether, under a continuing violation theory, common law tort claims are also subject to the continuing violation doctrine under M.G.L. c. 149, which has a statute of limitations of two years, not three years), is not reasonably clear. Thus, a Rule 12(b)(6) motion should not lie.

### III. REQUEST FOR ORAL ARGUMENT

Under Local Rule 7.1(D) of the United States District Court for the District of Massachusetts, Plaintiff requests a hearing on the herein motion.

### IV. CONCLUSION

WHEREFORE, for reasons of justice and fairness, Plaintiff requests that this Honorable Court reject *in toto* Judge Magistrate Alexander's Findings and Recommendation. In the alternative, should this Honorable Court be inclined to dismiss all or part of the Complaint, Plaintiff requests that he first be granted leave to amend to cure any defects in his pleading.

---

determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of this court.

12

Alternatively, in the event that the matter is dismissed, Plaintiff asks that it be done without prejudice so that he may be given the opportunity to amend the Complaint as necessary.

        JON M. TAYLOR

        By His Attorney:

        _____
        Howard Mark Fine, Esquire
        86 Sherman Street
        Cambridge, MA 02140-3233
        BBO No. 554671
        (617) 868-9200

Dated: November 26, 2004