COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION

Suffolk, ss.                              Docket No: 97-BEM-4569
                                                     97-BEM-4570

CHARLES SULLIVAN
VS.
TOWN OF FREETOWN

TERRANCE CHRISTIANSEN
VS.
TOWN OF FREETOWN

## COMPLAINANT'S, CHARLES SULLIVAN, AMENDED COMPLAINT

Complainant, Charles Sullivan, on oath says and deposes the following:

1. That I am employed in the position of a police officer for the Town of Freetown;

2. That I am an applicant for the respondent's, the Town of Freetown, chief of police position;

3. That the respondent, the Town of Freetown, opened this position to qualified applicant's in February of 1997;

4. That four applicants, one Alan L. Alves, Terrance Christianson, Walter Sawicki and myself, were the only individuals that applied for this position;

5. That applying for the chief of police position with the Town of Freetown closed on February 28, 1997;

6. That I believe I meet the minimum qualifications for the position of chief of police for the respondent, Town of Freetown;

7. That I have taken written and psychological testing which, upon information and belief, I had favorable results;

8. That upon information and belief, all objective testing, which I have taken relevant to the position of chief of police for the Town of Freetown, has been favorable;

9. That sometime in April of 1997, Walter Sawicki withdrew his application from consideration as chief of police for the Town of Freetown;

10. That in late May of 1997, a sexual harassment complaint was filed against the Town of Freetown and one Alan L. Alves;

11. That I was subsequently required to testify and give evidence in an investigation and hearings relevant to this sexual harassment and harassment complaint which was filed against the Town of Freetown before the Massachusetts Commission Against Discrimination.

12. That I believe the evidence and testimony I gave in the Town of Freetown's investigation and subsequent was detrimental to the interests of the Town of Freetown;

13. That on July 25, 1997, or thereabouts, the respondent, Town of Freetown, hired Sgt. Roger Levesque as acting chief of police for the Town of Freetown, a position he remained in until on or about July 17, 1998;

14. That on or about May 4, 1998, the Freetown Board of Selectmen rejected my application for Chief of Police;

15. That, at this time, the Freetown Board of Selectmen gave as a basis for rejecting my application at that time was that they claimed they wanted a police chief from outside department;

16. That on or about July 17, 1998, the Freetown Board of Selectmen proceeded to hire Carlton A. Abbott, Jr. as chief of police.

17. That prior to becoming chief of police, Carlton A. Abbott, Jr. was a police officer, and reserve police officer, with the Town of Freetown up until August 4, 1997, and he was Town Counsel with the Town of Freetown, from August of 1997 to July 17, 1998, whereby he had close association with the Freetown Police Department;

18. That the Freetown Board of Selectmen's basis for rejecting my application for Chief of Police was pretextual, and was part of an ongoing effort to retaliate against me for my participation and testimony involving Kim Blanchard's sexual harassment complaint and hearing.

19. That subsequent to Carlton A. Abbott, Jr. being appointed Chief of Police, I have been denied promotions to Sergeant on three different occasions despite having comparable, if not superior qualifications in the areas of seniority, education, grant writing skills, as well as two recent letters of commendation.

20. That upon information and belief, I believe that Carlton Abbott, Jr. conspired with Town of Freetown Selectmen John Ashley, Robert Robideaux and Christopher McCarthy to continue to retaliate against me for giving evidence and testimony in a sexual harassment and retaliation claim which was pending before the Massachusetts Commission Against Discrimination.

21. That I believe that the respondent, Town of Freetown, has continuously retaliated against me for giving evidence and testimony in a sexual harassment and retaliation claim which was previously pending before the Massachusetts Commission Against Discrimination.

**Wherefore**, the complainant charges that he has been subjected to instances of retaliation so as to violate G.L. c. 151B, s. 4 and any other applicable statutory claim.

Signed under the pains and penalties of perjury this 15th day of February, 2001.

_____
Charles Sullivan

Respectfully submitted,
By Charles Sullivan's Attorney,

_____
Daniel F. Clifford, Jr., B.B.O. 556720
20 Scotland Blvd.
Bridgewater, MA 02324
(508) 697-9939

2