UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12417-PBS

| | |
|---|---|
| JON M. TAYLOR,<br><br>　　Plaintiff,<br><br>v.<br><br>TOWN OF FREETOWN, CARLTON E. ABBOTT, JR., individually and as Chief of the Freetown Police Department, and WALTER J. SAWICKI, individually and as Lieutenant of the Freetown Police Department,<br><br>　　Defendants. | DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION AND OPPOSITION TO PLAINTIFF'S MOTION TO SUBMIT ADDITIONAL EVIDENCE IN SUPPORT OF <u>PLAINTIFF'S OBJECTIONS</u> |

## **I. Introduction**

On November 9, 2004, Magistrate Judge Alexander issued her Findings And Recommendation On Defendants' Motion To Dismiss Plaintiff's First Amended Complaint in the above-captioned matter. In her findings, the Magistrate Judge concluded that the applicable statutes of limitation barred Plaintiff's claims to the extent they were based upon events that occurred outside of the applicable limitations period. To the extent Plaintiff had alleged events that fell within the limitations period, the Magistrate Judge found that those allegations did not constitute adverse employment action which Plaintiff was required to demonstrate in order to succeed on those claims. For these reasons, she recommended that Plaintiff's Complaint be dismissed as to all counts and all parties.

On November 26, 2004, Plaintiff filed his Objections To Magistrate Judge's Findings And Recommendation On Defendants' Motion To Dismiss First Amended Complaint, along

with his Motion To Submit Additional Evidence In Support of Objections To Magistrate Judge's Findings And Recommendation To Dismiss Plaintiff's First Amended Complaint.

Now come Defendants and respectfully submit this memorandum in response to Plaintiff's Objections and in opposition to his motion to submit additional evidence.

## II. Argument

**A. PLAINTIFF'S EFFORTS TO SUBMIT ADDITIONAL EVIDENCE ARE IMPROPER AS THE UNDERLYING MOTION AT ISSUE IS A MOTION TO DISMISS.**

As the Court is aware, a Rule 12(b)(6) motion to dismiss is the usual and proper method of testing the legal sufficiency of a complaint. Moore's Federal Practice, Vol.2A, §12.08, p.2266 (2nd ed. 1984). Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment. Watterson v. Page, 987 F.2d 1, 3 (1st Cir.1993).

In the instant matter, Plaintiff seeks to move to introduce several documents as "additional evidence" in support of his objections to Magistrate Judge Alexander's findings. However, a review of the documents in question reveals that they either post-date the filing of the Complaint in this matter (see Exhibits B and C to the Affidavit of Howard Mark Fine, Esquire) or they treat with matters that have not been sufficiently referred to in the Complaint. See Exhibits A, D and E to Fine Affidavit. In either case, the documents may not be considered by the Court in deciding a Rule 12(b)(6) motion. See Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001).

**B.   EVEN IF THE COURT WERE TO CONSIDER THE ADDITIONAL DOCUMENTS PLAINTIFF SEEKS TO INTRODUCE, HIS COMPLAINT SHOULD NONETHELESS BE DISMISSED.**

Even if the Court were inclined to consider the additional documents Plaintiff has sought to introduce via his motion, the documents offer no additional support for Plaintiff's claims in this matter. In the case of the documents which *post-date* the Complaint, obviously, they have not been made a subject of this litigation. Even if they were, however, the documents do not constitute the taking of adverse employment action against Plaintiff. More specifically, the document from Sgt. Steven Abbott, as it states on its face, is merely a counseling notice. See Exhibit B to Fine Affidavit. As for the series of other documents, they consist of no more than a notice of hearing and notice of charges filed by Defendant Chief Abbott which Plaintiff does not, and cannot, allege have even been heard by the Board of Selectmen, let alone acted upon. See Exhibit C to Fine Affidavit.

As for the letter from the Town Clerk, the document demonstrates nothing more than that the Clerk reported to Plaintiff's counsel that the Town Clerk's Office was not in possession of any public records concerning an investigation pursuant to M.G.L. c. 41, §23B or any documents relating to any complaints made by Patrolman Jon M. Taylor. See Exhibit A to Fine Affidavit. Contrary to Plaintiff's assertion in his motion, the fact that the Town Clerk does not possess any such documents is not evidence that the Town failed to investigate Plaintiff's complaints. This is assuming, of course, that the question of whether the Town did or did not investigate any such complaints is even relevant to any of Plaintiff's claims in the instant matter, which Defendants argue it is not.

Finally, Plaintiff's submission of complaints that were filed by other persons against the Town in the Superior Court and before the Massachusetts Commission Against Discrimination

are evidence of nothing more than that such allegations were made. See Exhibits D – F to Fine Affidavit. Contrary to Plaintiff's assertion in his motion, they are not evidence that the Town maintained a policy and/or custom of unjustifiable retaliation against police officers who exercise their First Amendment rights. See Plaintiff's Motion at 2. In fact, all of the complaints in those cases allege that the plaintiffs testified during the same sexual harassment case because the Town had *required* them to. See Exhibits D – F of Fine Affidavit.

C. **THE MAGISTRATE JUDGE'S FINDINGS THAT PLAINTIFF'S FIRST AMENDMENT CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS ARE NOT ERRONEOUS.**

"The continuing violation doctrine is an equitable exception that allows an employee to seek damages for otherwise time-barred allegations if they are deemed part of an ongoing series of discriminatory acts and there is 'some violation within the statute of limitations period that anchors the earlier claims.'" O'Rourke v. City of Providence, 235 F.3d 713, 730 (1st Cir. 2001) quoting Provencher v. CVS Pharmacy, 145 F.3d 5, 14 (1st Cir. 1998). "Even where a plaintiff alleges a violation within the appropriate statute of limitations period, the continuing violation claim will fail if the plaintiff was or should have been aware that he was being unlawfully discriminated against while the earlier acts, now untimely, were taking place." Provencher, 145 F.3d at 14 citing Sabree v. United Brotherhood of Carpenters and Joiners, Local 33, 921 F.2d 396, 401-02 (1st Cir. 1990).

As the foregoing makes clear, even if the Court were inclined to extend the continuing violation doctrine to the First Amendment claims asserted by Plaintiff against Chief Abbott and Lt. Sawicki individually, Magistrate Judge Alexander's recommendation notwithstanding, Plaintiff still must allege that adverse employment action was taken against him which fell within the limitations period. As the Magistrate Judge correctly noted, however, the only

conduct directed at Plaintiff that fell within the limitations period was the counseling letter Chief Abbott issued to Plaintiff and the complaint Lt. Sawicki registered with the Chief regarding him. See Complaint at ¶¶21 and 27.

In his Objections, Plaintiff does not dispute the Magistrate Judge's finding that these actions do not constitute adverse employment action. Instead, he sidesteps that issue and asserts that the Magistrate Judge ignored certain other allegations in his Complaint, specifically, "the undated claims of adverse employment action stated in paragraph 13." Plaintiff's Objections at 5. A fair reading of her decision, however, reveals that the Magistrate Judge did not ignore the allegations, but simply found that they did not fall within the limitations period. Presumably this was based on the fact that, in that very paragraph, Plaintiff stated that the alleged adverse employment actions were undertaken "shortly after" the September 29, 1998 conversation between Plaintiff and Lt. Ashley took place. Plaintiff's Complaint at ¶¶10-13. Even under the most liberal reading of the word "shortly," it cannot be reasonably inferred that the allegation is referring to actions that occurred more than two (2) years later.

In short, in the absence of any allegation of adverse action being taken against Plaintiff within the limitations period to anchor the otherwise untimely allegations, the continuing violation doctrine is unable to rescue Plaintiff's First Amendment claims against Chief Abbott and Lt. Sawicki in their individual capacities. See O'Rourke, 235 F.3d at 730.

As for Plaintiff's First Amendment claim against the Town and Chief Abbott and Lt. Sawicki in their official capacities, there can be no municipal liability under a respondeat superior theory. Fabiano v. Hopkins, 352 F.3d 447, 452 (1st Cir. 2003) citing Monell v. Dept. of Soc. Servs., 436 U.S. 658, 690-95 (1978). Rather, Plaintiff must prove deprivation of a

constitutional right by means of "the execution of the government's policy or custom." Id. citing City of Canton v. Harris, 489 U.S. 378, 385 (1989).

Despite this prerequisite, Plaintiff did not allege in his Complaint that he was deprived of his First Amendment rights by means of the execution of a custom or policy of the Town. To the extent that he is now improperly attempting to place before the Court the documents attached to the Affidavit of Attorney Fine, for the reasons argued in Section B above, those documents fail to cure this defect, even if the Court were inclined to consider them.

### D. THE MAGISTRATE JUDGE'S FINDINGS AS TO PLAINTIFF'S REMAINING CLAIMS WERE ALSO CORRECT.

To the extent Magistrate Judge Alexander concluded that Plaintiff's state Civil Rights, Whistleblower and tortious interference with advantageous business relations claims are also barred by the statute of limitations, Plaintiff makes reference to the continuing violation doctrine, but does not put forth any specific argument as to why the Magistrate Judge's findings regarding those claims are erroneous. See Plaintiff's Objections at 11-12. Notwithstanding this, even if the Court were to conclude that the continuing violation doctrine is applicable to those claims, as argued above, Plaintiff has not alleged that the requisite adverse employment action, or in the case of the tort claim, interference, was taken against him within the applicable limitations periods which would serve to anchor the otherwise untimely allegations. As such, the continuing violation doctrine does not serve to save these claims either. See O'Rourke, 235 F.3d at 730.

Finally, it is unclear as to what Plaintiff's objection specifically is with respect to the Magistrate Judge's finding that his defamation claim is also barred by the statute of limitations. See Plaintiff's Objections at 12. As near as Defendants are able to tell, Plaintiff appears to be arguing that the continuing violation doctrine should apply to that claim as well. However, the purpose of the continuing violation doctrine is to ensure that plaintiffs are not foreclosed from

6

bringing certain claims merely because they needed to see a pattern of repeated acts in order to realize that the individual acts were actionable. See O'Rourke, 235 F.3d at 730 citing Thomas v. Eastman Kodak Co., 183 F.3d 38, 54 (1st Cir. 1999). This rationale is inapplicable to defamation actions where the question of whether or not such a claim has accrued turns on whether or not a false and defamatory communication of and concerning another has been published without any privilege to do so. McAvoy v. Shufrin, 401 Mass. 593, 597 (1988). The alleged defamatory statement is either published within the limitations period or it is not. Since Plaintiff does not argue in his Objections that the statements he is relying upon to support his defamation claim against Chief Abbott and/or Lt. Sawicki were made within the limitations period, but instead refers only to the continuing violation doctrine, Plaintiff has apparently conceded that the statements at issue were made prior to December 1, 2000. As such, his defamation claim is barred by the statute of limitations. See M.G.L. c. 260, §2A.

E. **PLAINTIFFS' CLAIMS SHOULD ALSO BE DISMISSED FOR THE REASONS ARTICULATED IN DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT.**

Under Fed.R.Civ.P. 72(b), the Court is to "make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." In light of this, Defendants respectfully submit that Plaintiff's First Amended Complaint should also be dismissed for the additional reasons set forth in Defendants' Memorandum In Support Of Their Motion To Dismiss Plaintiff's First Amended Complaint which ultimately were not reached by the Magistrate Judge.

### III. Conclusion

For the foregoing reasons, Defendants respectfully request that the Court accept Magistrate Judge Alexander's Findings And Recommendation On Defendants' Motion To Dismiss Plaintiff's First Amended Complaint in its entirety or alternatively, that Plaintiff's Complaint be dismissed for the reasons previously stated in Defendants' Motion To Dismiss.

DEFENDANTS

By their attorneys,

_____
David C. Jenkins (BBO# 251000)
Joseph S. Fair (BBO# 637818)
Kopelman and Paige, P.C.
 Town Counsel
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

Date: December 9, 2004

238327/60700/0503

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on 12/9/04

_____

8