UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____
                                   )
JON M. TAYLOR,                     )
                    Plaintiff,     )
                                   )
     v.                            )
                                   )
TOWN OF FREETOWN,                  )
                                   )
CARLTON E. ABBOTT, Jr., ESQ.,      )   C.A. 03-12417-PBS
Individually and as Chief of the Freetown )
Police Department, and             )
                                   )
WALTER J. SAWICKI,                 )
Individually and as Lieutenant of the )
Freetown Police Department         )
                    Defendants     )
_____)

PLAINTIFF'S OBJECTIONS TO MAGRISTRATE JUDGE ALEXANDER'S
REPORT AND RECOMMENDATION ON DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND
AMENDED COMPLAINT

COMES now Jon M. Taylor, plaintiff in the above-captioned matter ("Plaintiff" or "Officer Taylor"), and, pursuant to Rule 72 of the Federal Rules of Civil Procedure and Rule 3(c) of the Rules for United States Magistrates Judges in the United States for the District of Massachusetts, respectfully objects to United States Magistrate Judge Alexander's findings and order recommending the partial dismissal of Plaintiff's Second Amended Complaint ("Report and Recommendation") concerning claims against Police Chief Carlton E. Abbott, Jr., Esq. ("Abbott") and Lieutenant Walter J. Sawicki ("Sawicki") in their individual capacities. Specifically, Plaintiff objects to the recommendation that Count IV (the Massachusetts Civil

Rights Act) be dismissed, *in toto*, and that Count VII[1] (common law tort claim of defamation) be dismissed as to Abbott, for reasons set forth more fully below.

## I.     INTRODUCTION

To date, the Town of Freetown, Abbott and Sawicki (hereinafter collectively referred to as the "Defendants") have not filed an answer either to the first or second complaint, but, instead, have pursued dismissals of Plaintiff's amended complaints pursuant to Fed.R.Civ.P. 12(b)(6). Pending before this Honorable Court is Defendants' second motion to dismiss, to which Plaintiff has timely filed his objections.[2] By way of an order of reference, that motion and Plaintiff's opposition thereto were directed to Magistrate Judge Joyce London Alexander's attention for a Report and Recommendation.[3] In accordance with that order, and subsequent to hearing oral argument on Defendants' motion to dismiss on May 10, 2005, Magistrate Judge Alexander, on January 31, 2006, issued a report and recommended a partial dismissal of the Complaint. Specifically, Magistrate Judge Alexander recommends that the District Court "allow the defendants' motion to dismiss count IV as to both Chief Abbott and Lieutenant Sawicki and count VII as to Chief Abbott and deny the motion as to the remaining counts: I, II, II, V, VI and, as to Lieutenant Sawicki only, count VII."[4]

---

[1] See n.3 of Report of Recommendation, within which Magistrate Judge, "for purposes of clarity" (in order to correct a scrivener's error in the Complaint), refers to Plaintiff's defamation claim as a separate count; to wit, Count VII.

[2] See Plaintiff's Motion and Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint for a more detailed discussion of the relevant law and legal analysis of Plaintiff's claims; see also Plaintiff's Motion and Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's First Amended Complaint for similar analysis and discussion.

[3] In her previous report and recommendation issued on November 9, 2004, Magistrate Judge Alexander recommended the dismissal of Plaintiff's first amended complaint "on the basis that various applicable statutes of limitation barred Officer Taylor's claims." Supra at 2. Thereafter, the Honorable Patti B. Saris allowed Plaintiff to amend his complaint, which resulted in a second motion to dismiss and a referral once again to Magistrate Judge Alexander for recommendations on the pending dispositive motion.

[4] See Report and Recommendation at 25.

## II.    LEGAL ANALYSIS

### A. MOTION TO DISMISS STANDARD.

The defense of a motion to dismiss based on a failure to state a claim may be made at the option of the pleader, pursuant to Fed.R.Civ.P. 12(b)(6).

The purpose of such a motion, as explained in Wright and Miller's Federal Practice and Procedure, is to:

> [T]est the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case. Thus, the provision must be read in conjunction with Rule 8(a), which sets forth the requirements for pleading a claim for relief in federal court and calls for 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Only when the plaintiff's complaint fails to meet this liberal pleading standard is it subject to dismissal under Rule 12(b)(6) . . . (internal citations omitted)

Id. at § 1356.

The legal principles underlying a plaintiff's successful challenge to this motion are summarized in Roth v. U.S., 952 F.2d 611, 613 (1st Cir. 1991).

First, a civil complaint seeking money damages "should not be jettisoned for failure to state a claim unless it plainly appears that the plaintiff can prove no facts thereunder which would entitle (plaintiff) to recover." Id. citing Conley v. Gibson, 355 U.S. 41, 45, 46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); see also Baxter v. Conte, 190 F.Supp.2d 123, 126 (D.Mass. 2001) quoting Conley v. Gibson supra at 355 U.S. 41, 45, 46 (a motion to dismiss should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief"). Second, in determining the legal sufficiency of a complaint, for purposes of withstanding a Fed.R.Civ.P. 12(b)(6) motion, the court "must accept as true the complaint's well-pled factual averments, excluding, however, 'bald assertions, periphrastic conclusions, or outright vituperation.'" Supra quoting Correa-Martinez v. Arrillaga-

Belendez, 903 F.2d 49, 52 (1st Cir. 1990). Third, "the court must draw all inferences reasonably extractable from the pleaded facts in the manner most congenial to the plaintiff's theory." Supra quoting Miranda v. Pounce Federal Bank, 948 F.2d 41, 43 (1st Cir. 1991); Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). Fourth, a complaint should not be dismissed for claims based on inartful or indefinite pleadings. Garita Hotel Ltd. Partnership v. Ponce Fed. Bank, 958 F.2d 15, 17-18 (1st Cir. 1992) (notwithstanding an "inartfully drawn" complaint, sufficient facts were alleged to assert a claim against the defendant). Lastly, a "plaintiff is obliged to set forth in [his] complaint 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" Supra quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988). According to Roth, if a plaintiff has succeeded in this task, dismissal under Rule 12(b)(6) will not lie. Id.

B. PLAINTIFF'S CLAIM FOR RELIEF UNDER M.G.L. C. 12, §§ 11H AND I MUST STAND, AS A MATTER OF LAW.

As stated in Magistrate Judge Alexander's Report and Recommendation, in order to prove a claim under the Massachusetts Civil Rights Act ("MCRA"), Officer Taylor must prove the following:

> 1) that his exercise or enjoyment of rights secured by the Constitution or laws of either the United States or of the Commonwealth, 2) has been interfered with, or attempted to be interfered with, and 3) that the interference or attempted interference was by threats, intimidation or coercion.

Bennett v. City of Holyoke, 230 F.Supp.2d 201, 227 (D.Mass. 2002), aff'd. 362 F.2d 1 (1st Cir. 2004).

To be actionable, threats must involve "the intentional exertion of pressure to make another fearful or apprehensive of injury or harm." Supra. As a matter of law, the MCRA

4

statute, which is remedial in nature, requires liberal construction.  Buster v. George W. Moore, Inc., 438 Mass. 635, 783 N.E.2d 399, 409 (Mass. 2003) (citation omitted).

In recommending a dismissal, Magistrate Judge Alexander concluded that Plaintiff failed to plead sufficient facts that would constitute a threat, intimidation or coercion.[5]  Plaintiff respectfully disagrees.

In Bennett, the District Court looked to Massachusetts Supreme Judicial Court's decisionional law for a definition of "threats, intimidation, and coercion" under M.G.L. c. 12, §§ H and I..  Supra at 228 (citations omitted).  In that case, since the record evidence failed to show any physical confrontation was accompanied by a threat of harm, the lower court dismissed plaintiff's MCRA at summary judgment.  Id.  Although the state's highest court has "hinted" that an actual or potential physical confrontation accompany a threat, such is not a required element of an MCRA claim under current law.  See Carvalho v. Town of Westport, 140 F.Supp.2d 95, 100-02 (D.Mass. 2001) (notwithstanding the absence of physical confrontation or risk thereof, the federal court denied dismissing a police officer's MCRA claim where a police officer alleged that he was harassed, threatened with discipline, and otherwise retaliated against by his police chief for engaging in free speech ); see also Gauthier v. Town of Dracut, 2005 WL 1669121 at *1-2, and 4 (Mass.Super.) (employer's motion for summary judgment denied on former building inspector's MCRA claim, where the record showed "something of a linear progression" of non-violent harassing and retaliatory incidents, some of which were "remote in time").

Like the plaintiffs in Carvalho and Gauthier, Officer Taylor has alleged a similar pattern of ongoing harassment, intimidation, and retaliation by his superiors (Abbott and Sawicki) which were the result of his continuous complaints of police corruption.  Abbott's and Sawicki's unlawful acts, included, but were not limited to: threats of unjust discipline and termination;

---

[5] See Report and Recommendations, at 17-18.

5

being subjected to unjust personnel selection and discipline practices; denial of overtime opportunities; subjecting Plaintiff to a hostile and harassing work environment and less favorable shifts; singling Plaintiff out for purported racial profiling; telling Plaintiff's s co-workers that he mental problems; and assigning Plaintiff to <u>less safe</u> police cruisers than his co-workers, thereby putting him at risk of personal injury.[6]  Moreover, he alleges that Sawicki and co-workers loyal to Abbott clearly threatened him by telling him to "shut the fuck up" about complaining of police corruption and warning him that he would be "on the outside looking in" if he failed to conspire in a scheme to falsify time slips and showed disloyalty to Abbott.[7]  Based on these alleged facts, a reasonable inference can clearly be drawn that such acts were intended to intimidate the Plaintiff, influence his behavior to conform to the unlawful practices of his department, and deter him from further accusing his department of corruption – or otherwise risk being on the "outside looking in."[8]

Plaintiff's claim does not just rest solely on Sawicki's remark, as Magistrate Judge Alexander concludes.[9]  Rather, a reasonable inference from all the facts alleged, construed in a light most "congenial" to Plaintiff, shows clearly a "linear progression" of unlawful misconduct by both Abbott and Sawicki, each of whom intended to pressure Plaintiff by making him fearful or apprehensive about his personal welfare because he engaged in free speech on a matter of grave public concern – police corruption.

Magistrate Judge Alexander concluded that Plaintiff indeed has met his legal burden of sufficiently pleading a parallel federal civil rights claims under 42 USC § 1983 against Abbott

---

[6] <u>See</u> Complaint at ¶¶13, 21; <u>see also</u> exhibits A-D, K, and L appended thereto.

[7] <u>See</u> Complaint at ¶¶11, 12, 14, 18, and 20.

[8] <u>See</u> Complaint at ¶¶11 and 20.

[9] <u>See</u> Report and Recommendation at 19.

6

and Sawicki (Counts I and II). Similarly, Plaintiff respectfully submits that the facts pled, as a matter of law, give rise to a MCRA violation as well. Accordingly, Defendants' motion to dismiss Count IV must be denied.

C. PLAINTIFF'S CLAIM FOR RELIEF AGAINST ABBOTT FOR DEFAMATION MUST STAND, AS A MATTER OF LAW.

According to the Report and Recommendation, Plaintiff's Complaint is factually deficient to support a defamation claim against Abbott during the three-year limitation period.[10] Plaintiff, once again, respectfully disagrees.

An examination of Count VII, under the relevant legal standard, sufficiently indicates that Abbott made defamatory statements about Plaintiff's character and competency to a third party. Although it may be unclear from the Complaint's wording whether Abbott's July 21, 2003 letter to Officer Taylor on racial profiling was published to any third party, the Complaint, in any event, enumerates, nonetheless, multiple examples of defamatory conduct by Abbott within the limitation period. For instance, Plaintiff avers that Abbott falsely accused him of altering departmental records (thereby committing a crime), being insubordinate, and telling a newly appointed superior officer to "watch out for" for Plaintiff and to "writ(e) (him) up for whatever you can."[11] Such allegations, along with others, were summarized in correspondence sent by Plaintiff to Abbott and the Freetown Board of Selectmen in letters dated October 26, 2000, November 22, 2000, July 17, 2000, and June 27, 2003. In turn, these written communications were published to a third party by virtue of their being posted on a bulletin board at the Freetown Police Station.[12] Since the letters were addressed or copied to Abbott, a fair and logical

---

[10] See Report and Recommendation at 23.

[11] See Complaint at ¶¶19-21, and e Exhibits A, B, and D, appended thereto.

[12] See Report and Recommendation, at 5.

7

inference, based on the totality of the circumstances, can be drawn, therefore, that their publication was ultimately attributable to Abbott and done for the malicious purpose of alienating Plaintiff from his peers and damaging his reputation within the department.

In order to survive a motion to dismiss, Plaintiff must plead:

1) the general tenor of the libel or slander claim, along with the precise wording of at least one sentence of the alleged defamatory statement(s);

2) the means and approximate dates of publication; and

3) the falsity of those statements.

Berard v. Town of Millville, 113 F.Supp.2d 197, 201 (D.Mass. 2000) quoting Dorn v. Astra USA, 975 F.Supp. 388, 395 (D.Mass. 1997).

Plaintiff has met this burden. First, he has pled not only the general tenor of the defamatory statements (e.g., unfitness for duty, disloyalty to his superiors, accusation of committing a criminal offense), but included specific defamatory remarks in the Complaint ("watch out for" for Plaintiff; "writ[e] [him] up for whatever you can"). Second, he provided credible and sufficient facts to indicate that at least one statement (his letter dated June 27, 2003) was timely published to third parties. Finally, he has pled sufficient facts to indicate that Abbott's accusations, whether mistaken or otherwise, were baseless and malicious (e.g., insinuation of racial profiling; committing a criminal act).[13] See Berard supra at 202 (motion to dismiss was denied on a dispatcher's slander claim against the police chief, where the totality of the facts, when construed in a light most favorable to the employee, indicated that the chief's "mistaken" description of his subordinate's conduct raises a dispute whether the plaintiff failed to follow

---

[13] See generally Plaintiff's oppositions.

8

proper procedure while performing his job was a pure opinion or could be understood to imply underlying defamatory facts about the plaintiff).

For the above reasons, Officer Taylor opposes the dismissal of Count VII against Abbott.

### III.    REQUEST FOR ORAL ARGUMENT

Under Local Rule 7.1(D) of the United States District Court for the District of Massachusetts, Plaintiff requests a hearing on the herein motion.

### IV.    CONCLUSION

Plaintiff requests that this Honorable Court reject the recommendation to partially dismiss his Complaint, since a sound legal basis exists to support the above claims against these individual defendants.  In the alternative, should this Honorable Court be inclined to dismiss any of the claims against Abbott or Sawicki, then Plaintiff requests that he first be granted leave to amend to cure any defects in his pleading and incorporate additional facts arising out of the Complaint.  Parenthetically, in the event that one or more claims are dismissed, then Plaintiff asks that it be done without prejudice so that he may be allowed the opportunity to amend the Complaint as necessary.

    Respectfully submitted by:

    JON M. TAYLOR

    By His Attorney:

    _____
    /s/ Howard Mark Fine, Esquire
    86 Sherman Street
    Cambridge, MA  02140-3233
    BBO No. 554671
    (617) 868-9200
    hmfine@aol.com

Dated: February 10, 2006

CERTIFICATE OF SERVICE

    I, Howard Mark Fine, counsel for plaintiff in the above-captioned matter, hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those as non-registered participants on February 10, 2006.

    JON M. TAYLOR

    By His Attorney:

    _____
    /s/ Howard Mark Fine, Esquire
    86 Sherman Street
    Cambridge, MA  02140-3233
    B.B.O. No. 554671
    (617) 868-9200
    hmfine@aol.com

Dated: February 10, 2006