UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12417-PBS

| | |
|---|---|
| JON M. TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>TOWN OF FREETOWN, CARLTON E. ABBOTT, JR., individually and as Chief of the Freetown Police Department, and WALTER J. SAWICKI, individually and as Lieutenant of the Freetown Police Department,<br><br>    Defendants. | DEFENDANTS' ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT |

Now come Defendants Town of Freetown, Carlton E. Abbott, Jr. and Walter J. Sawicki (hereinafter, "Defendants") and hereby file their Answer to Plaintiff's Second Amended Complaint (hereinafter , "Complaint") by responding to the correspondingly numbered paragraphs of the Complaint as follows:

INTRODUCTORY STATEMENT

1. The introductory paragraph of the Complaint contains no allegations which require a response.

JURISDICTION

2. Defendants respond that paragraph two (2) contains only conclusions of law to which no response is required.

PARTIES

3. Admitted that Plaintiff is a natural person, a resident of Fall River, Massachusetts and was at all times material to this Complaint employed by the Town of Freetown as a police

officer. The remainder of paragraph three (3) contains conclusions of law to which no response is required.

4. Admitted that the Town of Freetown is a municipality of the Commonwealth of Massachusetts and is located within Bristol County. The remainder of paragraph four (4) contains conclusions of law to which no response is required.

5. Admitted that Defendant Abbott is a natural person, a resident of East Freetown, Massachusetts and has been the Freetown Chief of Police since August 1998. The remainder of paragraph five (5) contains conclusions of law to which no response is required.

6. Admitted that Defendant Sawicki is a natural person, a resident of East Freetown, Massachusetts and has been a lieutenant in the Freetown Police Department since September 1987. The remainder of paragraph six (6) contains conclusions of law to which no response is required.

## STATEMENT OF FACTS

7. Admitted.
8. Denied.
9. Admitted.
10. Admitted
11. Denied that Defendant Abbott directed Officer Elton Ashley to approach and/or speak to Plaintiff. Defendants are without sufficient information at this time to either admit or deny the remaining allegations contained in paragraph eleven (11).
12. Defendants are without sufficient information at this time to either admit or deny the allegations contained in paragraph twelve (12).
13. Denied.
    a. Denied.
    b. Denied.
    c. Denied.

      d. Denied.

      e. Denied.

      f. Denied.

      g. Denied.

      h. Denied.

      i. Denied.

      j. Denied.

14. Denied.

15. Admitted that Defendant Abbott was deposed on or about January 19, 2001 in connection with a charge that was filed with the Massachusetts Commission Against Discrimination by a Freetown police officer. To the extent paragraph fifteen (15) contains allegations relative to the testimony that was given by Defendant Abbott, Defendants respond that Defendant Abbott's testimony speaks for itself. Admitted that Plaintiff had not ever been formally disciplined as of the time he initiated the instant lawsuit and that Ashley had. The remaining allegations of paragraph fifteen (15) are denied.

16. Admitted that Defendant Abbott testified at a hearing before the MCAD in connection with a charge that was filed with that agency against the Town by a Freetown police officer. To the extent paragraph sixteen (16) contains allegations relative to the testimony that was given by Defendant Abbott, Defendants respond that Defendant Abbott's testimony speaks for itself.

17. Admitted that Defendant Abbott did not seek a criminal complaint against Officer Ashley and that he brought charges against Ashley before the Board of Selectmen. Admitted that sometime thereafter Ashley was promoted by the Board of Selectmen first to a temporary police sergeant position and later to a permanent sergeant position. Otherwise denied.

18. Denied.

19. Defendants respond that Exhibits A – D to the Complaint speak for themselves. Otherwise denied.

20. Admitted that Defendant Sawicki spoke with Plaintiff regarding an anonymous citizen complaint. Otherwise denied.

21. Admitted that Defendant Abbott issued a letter to Plaintiff dated July 21, 2003 on the subject of racial profiling. To the extent that paragraph twenty-one (21) contains allegations related to the contents of that letter and the contents of a January 15, 2003 Boston Globe article, Defendants respond that those documents speak for themselves. Otherwise denied.

22. Defendants respond that Exhibit E to the Complaint speaks for itself.

23. Defendants respond that Exhibit F to the Complaint speaks for itself.

24. Admitted that other Freetown police officers have filed complaints against the Town the nature of which speak for themselves.

   a. Defendants respond that Exhibit G to the Complaint speaks for itself and admit that the matter was subsequently settled by the parties. Otherwise denied.

   b. Defendants respond that Exhibit H to the Complaint speaks for itself.

   c. Defendants respond that Exhibits I and J to the Complaint speak for themselves and admit that the matters in question were subsequently settled by the parties.

25. Denied

26. Denied.

27. Defendants respond that Exhibit K to the Complaint speaks for itself.

28. Defendants admit that Defendant Sawicki's attorney sent a letter to Plaintiff's counsel dated November 5, 2003 the contents of which speaks for itself.

29. Admitted that Plaintiff filed his initial complaint in this matter on December 1, 2003.

30. Admitted that Defendant Sawicki notified Defendant Abbott in writing about Plaintiff's actions on December 29, 2003. Otherwise denied.

31. Admitted.

32. Defendants respond that Exhibit L to the Complaint speaks for itself. The remaining allegations of paragraph thirty-two (32) are denied.

33. Defendants respond that the Court's order speaks for itself.

## COUNT I

34. Defendants' answers to paragraphs one (1) through thirty-three (33) above are repeated and incorporated herein by reference.

35. Denied.

36. The allegations of this paragraph assert a legal conclusion to which no response is required.

37. Denied.

38. Denied.

39. The allegations of this paragraph assert a legal conclusion to which no response is required.

40. Denied.

## COUNT II

41. Defendants' answers to paragraphs one (1) through forty (40) above are repeated and incorporated herein by reference.

42. Denied.

43. Denied.

44. The allegations of this paragraph assert a legal conclusion to which no response is required.

45. Denied.

46. Denied.

47. The allegations of this paragraph assert a legal conclusion to which no response is required.

48. Denied.

## COUNT III

49. Defendants' answers to paragraphs one (1) through forty-eight (48) above are repeated and incorporated herein by reference.

50. The allegations of this paragraph assert a legal conclusion to which no response is required.

51. The allegations of this paragraph assert a legal conclusion to which no response is required.

52. The allegations of this paragraph assert a legal conclusion to which no response is required.

53. The allegations of this paragraph assert a legal conclusion to which no response is required.

54. Denied.

## COUNT IV

55. Dismissed by order of the Court dated February 16, 2006.

56. Dismissed by order of the Court dated February 16, 2006.

57. Dismissed by order of the Court dated February 16, 2006.

58. Dismissed by order of the Court dated February 16, 2006.

59. Dismissed by order of the Court dated February 16, 2006.

## COUNT V

60. Defendants' answers to paragraphs one (1) through fifty-nine (59) above are repeated and incorporated herein by reference.

61. The allegations of this paragraph assert a legal conclusion to which no response is required.

62. The allegations of this paragraph assert a legal conclusion to which no response is required.

63. The allegations of this paragraph assert a legal conclusion to which no response is required.

64. Denied.

## COUNT VI

65. Defendants' answers to paragraphs one (1) through sixty-four (64) above are repeated and incorporated herein by reference.

66. The allegations of this paragraph assert a legal conclusion to which no response is required.

67. The allegations of this paragraph assert a legal conclusion to which no response is required.

68. The allegations of this paragraph assert a legal conclusion to which no response is required.

69. Denied.

## COUNT VI (DEFAMATION)

70. Defendants' answers to paragraphs one (1) through sixty-nine (69) above are repeated and incorporated herein by reference.

71. Denied.

72. Denied.

73. Denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Complaint must be dismissed for lack of subject matter jurisdiction.

### THIRD DEFENSE

Plaintiff's claims are barred by failure to comply with the applicable statute of limitations.

### FOURTH DEFENSE

The Complaint fails to state a claim for individual capacity liability.

## FIFTH DEFENSE

Defendants deny all of plaintiff's allegations of wrongful conduct and state that at all relevant times they were public employees acting within the scope of their employment in good faith and with probable cause, and in the reasonable belief that their actions were lawful.

## SIXTH DEFENSE

The actions and conduct of the individual defendants were objectively reasonable under the circumstances of which they were aware, and they are therefore entitled to qualified immunity.

## SEVENTH DEFENSE

The actions and conduct of the individual defendants did not violate any clearly established constitutional or statutory rights of which they reasonably should have been aware, and they are therefore entitled to qualified immunity.

## EIGHTH DEFENSE

If Plaintiff has suffered injury, his claims are barred for failure to mitigate his damages.

## NINTH DEFENSE

The alleged acts or omissions of Defendants were not the cause, proximate or otherwise, of the alleged injuries or damage.

## TENTH DEFENSE

Any injury or damage suffered by Plaintiff, to the extent actually incurred, was caused by his own wrongful acts, reckless misconduct or negligence.

## ELEVENTH DEFENSE

Plaintiff's municipal claims fail because he cannot establish any unconstitutional policy or custom by the Town of Freetown.

### TWELFTH DEFENSE

Plaintiff's claims are barred by the exclusivity provision of M.G.L. c. 149, §185.

### THIRTEENTH DEFENSE

To the extent Plaintiff has alleged that Defendants made defamatory statements about him, Defendants enjoyed a conditional privilege to do so.

### FOURTEENTH DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred by the doctrine(s) of laches and/or equitable estoppel.

### JURY CLAIM

Defendants respectfully demand a trial by jury.

DEFENDANTS

By their attorneys,

/s/Joseph S. Fair
David C. Jenkins (BBO# 251000)
Joseph S. Fair (BBO# 637818)
Kopelman and Paige, P.C.
 Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110
Date: March 1, 2006                (617) 556-0007

275461/60700/0503