| | **KOPELMAN AND PAIGE, P. C.** | |
|---|---|---|
| LEONARD KOPELMAN | | KATHLEEN M. O'DONNELL |
| DONALD G. PAIGE | ATTORNEYS AT LAW | PATRICIA A. CANTOR |
| ELIZABETH A. LANE | | THOMAS P. LANE, JR. |
| JOYCE FRANK | 101 ARCH STREET | MARY L. GIORGIO |
| JOHN W. GIORGIO | | THOMAS W. MCENANEY |
| BARBARA J. SAINT ANDRE | BOSTON, MA 02110-1109 | KATHARINE I. DOYLE |
| JOEL B. BARD | | JEFFREY A. HONIG |
| JOSEPH L. TEHAN, JR. | (617) 556-0007 | GREGG J. CORBO |
| THERESA M. DOWDY | FAX (617) 654-1735 | RICHARD T. HOLLAND |
| DEBORAH A. ELIASON | | ELIZABETH R. CORBO |
| RICHARD BOWEN | | MARIA C. ROTA |
| DAVID J. DONESKI | LENOX OFFICE | VICKI S. MARSH |
| JUDITH C. CUTLER | (413) 637-4300 | JOHN J. GOLDROSEN |
| KATHLEEN E. CONNOLLY | | SHIRIN EVERETT |
| DAVID C. JENKINS | NORTHAMPTON OFFICE | BRIAN E. GLENNON, II |
| MARK R. REICH | (413) 585-8632 | JONATHAN D. EICHMAN |
| BRIAN W. RILEY | | JOSEPH S. FAIR |
| DARREN R. KLEIN | WORCESTER OFFICE | LAURA H. PAWLE |
| JONATHAN M. SILVERSTEIN | (508) 752-0203 | CAROLYN M. MURRAY |
| ANNE-MARIE M. HYLAND | | JACKIE COWIN |
| JASON R. TALERMAN | | SARAH N. TURNER |
| GEORGE X. PUCCI | | JEFFREY T. BLAKE |
| WILLIAM HEWIG III | | BRIAN M. MASER |
| JEANNE S. McKNIGHT | | CAROLYN KELLY MACWILLIAM |
| LAUREN F. GOLDBERG | April 18, 2006 | ANNE C. ROSENBERG |
| MICHELE E. RANDAZZO | | PETER L. MELLO |
| | | KATHERINE D. LAUGHMAN |
| JANET HETHERWICK PUMPHREY | | JEFFERY D. UGINO |
| DIRECTOR WESTERN OFFICE | | |

Hon. Patti B. Saris
U.S. District Court
District of Massachusetts
U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re:   Jon M. Taylor v. Town of Freetown, et al.
      U.S. District Court C.A. No. 03-12417-PBS

Dear Judge Saris:

     Per the Court's order dated March 31, 2006, Defendants are hereby advising the Court of the status of Plaintiff's return to work as a police officer for the Town of Freetown. In order to do so, however, a certain amount of background information must first be provided.

     Plaintiff was originally injured when he was struck by a motor vehicle on June 21, 2003 while in the performance of his duties. He was placed on injured on duty status pursuant to M.G.L. c.41, §111F and was out of work until on or about October 27, 2003. A little more than a month later, Plaintiff complained of pain related to the injury and was placed back on injured on duty leave until he returned to work on or about June 17, 2004.

     By letter dated November 12, 2004, after the Chief of Police ordered Plaintiff to return to work from a period of administrative leave, Plaintiff advised the Town that he was continuing to suffer the effects of the accident, and that he was taking a number of medications for same. See Attachment A. As a result of this, Plaintiff requested that he be returned to injured on duty status. See id.

     In response to Plaintiff's request, the Town referred Plaintiff to Mark S. Schaefer, Ph.D., a licensed psychologist, for a fitness for duty evaluation. By report dated January 19, 2005, Dr. Schaefer opined that Plaintiff was suffering from symptoms consistent with Post-Traumatic

**KOPELMAN AND PAIGE, P.C.**

Hon. Patti B. Saris
U.S. District Court
April 18, 2006
Page 2

Stress Disorder stemming from his June 21, 2003 work accident and that he was disabled from his duties as a police officer as a result of same. See Exhibit B. In light of this, the Town subsequently granted Plaintiff's request and placed him on injured on duty status retroactive to November 12, 2004.

On or about October 3, 2005, while Plaintiff was still on injured on duty status, the Town requested that Plaintiff provide updates from his medical providers as to his ability to return to work. In response, the Town received a letter dated September 30, 2005 from Diane King Daaklini, Plaintiff's psychiatrist, who advised that her "patient is ready to return to his job as a police officer without restrictions." See Attachment C. After confirming with the Town physician that the medications Plaintiff was taking would not impede his ability to perform the essential functions of his job, Chief Abbott instructed Plaintiff by letter dated November 7, 2005 to return to duty effective November 21, 2005. See Attachment D. On November 18, 2005, the Chief received a handwritten note from Dr. King stating that Plaintiff was "not ready to return to work due to treatment resistance of his medication and severe insomnia with re-exacerbation of PTSD." See Attachment E.

In light of the conflicting information that had been received from Dr. King, the Town sent Plaintiff back to Dr. Schaeffer for a re-evaluation. By reports dated January 9, 2006 and January 25, 2006, Dr. Schaefer found that Plaintiff continued to be disabled from his duties due to his PTSD related symptoms. See Attachments F and G. He also suggested that it may be time to consider Plaintiff for a disability retirement from his police officer position. See Attachment G.

Given the length of time Plaintiff had been unable to perform his duties and the information that the Town possessed concerning Plaintiff's ability to return to work, the Town filed an application for an involuntary accidental retirement concerning Plaintiff on February 21, 2006 with the Bristol County Retirement Board. A hearing on that matter has been scheduled for April 24, 2006.

On March 31, 2006, the parties in the above-referenced matter appeared before the Court for a scheduling conference. In response to an inquiry from the Court, Plaintiff's counsel represented, with his client nodding in concurrence, that Plaintiff would like to return to duty. Prior to that time, neither the Town nor Chief Abbott had received any requests from Plaintiff or his counsel for Plaintiff to be restored to active service. Pursuant to the Court's subsequent instruction, the undersigned later discussed the matter with Plaintiff's counsel and pointed out the fact that Plaintiff had not been cleared by any medical providers for such a return to duty.

On April 12, 2006, Plaintiff's counsel faxed a letter to the undersigned along with a handwritten note from Dr. King that was dated April 6, 2006. See Attachment H. According to

**KOPELMAN AND PAIGE, P.C.**

Hon. Patti B. Saris
U.S. District Court
April 18, 2006
Page 3

Dr. King, Plaintiff was now "capable of returning back to work as a police officer." Id. She further indicated that his last visit was on March 24, 2006 and that he was no longer on any medications due to side effects. Id.

Given the lack of detail in Dr. King's letter clearing Plaintiff for a return to duty and the inconsistent nature of her prior opinions, the Town is reluctant at this time to allow Plaintiff to return to work based solely on the most recent note from Dr. King. As such, I have this day advised Plaintiff's counsel that the Town intends to have Plaintiff re-evaluated by Dr. Schaefer forthwith and will reassess its position upon receiving Dr. Schaefer's opinion. If the Court so desires, the Town will provide it with a further update as to Plaintiff's return status at that time.

In the meantime, I wish to note for the record that throughout the time that Plaintiff has been on injured on duty status, he has been receiving his full pay and will continue to do so while he is on such status.

If the Court requires any additional information, please feel free to contact me. Thank you for your attention to this matter.

Very truly yours,

Joseph S. Fair

JSF/ja
Enc.
cc:    Board of Selectmen
        Howard Mark Fine, Esq.
        Chief of Police
        Lt. Walter J. Sawicki (w/o enc.)
        Austin M. Joyce, Esq. (w/o enc.)
        Ms. Carolyn J. Hamel (MAS 0035286) w/o enc.)
280102/60700/0503