UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12417-PBS

JON M. TAYLOR,
    Plaintiff,

v.

TOWN OF FREETOWN, CARLTON E. ABBOTT, JR., ESQ., individually and as Chief of the Freetown Police Department, and WALTER J. SAWICKI, individually and as Lieutenant of the Freetown Police Department,
    Defendants.

## JOINT MOTION FOR PROTECTIVE ORDER AND CONFIDENTIALITY AGREEMENT

1. This Stipulation and Confidentiality Agreement (hereinafter referred to as the "Stipulation") shall govern the request, production, maintenance, copying, use, disclosure, disposal, and return of certain "Confidential Information" obtained or produced during the course of litigating the above-captioned matter by the Plaintiff or by the municipal and individual Defendants (hereinafter collectively referred to as the "Parties"). The Parties, and their respective counsel, agree to be bound by this Stipulation and shall act in conformity with the terms of this Stipulation.

2. The term "Confidential Information" as used in this Stipulation, shall refer to any material obtained or produced by the Parties during discovery that is of a confidential, private or privileged nature, and that the Parties believe in good faith to constitute, contain, or reflect confidential information, and which has been so marked, or so designated in writing by counsel at the time of its production as "Confidential Information." Confidential Information shall include, but is not necessarily limited

to, medical, psychological, and psychiatric records and testimony; tax records; personnel files; and internal affairs complaints and investigations.

3. Any and all copies of such "Confidential Information" made in connection with this litigation are made subject to the provisions of this Stipulation and such copies shall be treated, in all respects, as confidential. Should a document be stamped or otherwise designated as "Confidential Information," the Parties shall treat all portions, sections, and parts of the document, and all information contained therein, as subject to the provisions of this Stipulation. Should a producing party wish to designate only certain portions or sections of a document, or the information contained therein, as confidential, such intent shall be expressed clearly at the time of production. While identification as "Confidential Information" shall not be considered or contended to be a concession by any party that all or any portion of the documents do, in fact, constitute confidential information entitled to protection as such, that designation shall be sufficient to cause such documents or portions thereof to be subject to the provisions of this Stipulation.

4. In the event that any Party fails to stamp or designate any document or information as "Confidential Information" which it later determines ought to be so designated, that Party may later designate any such document or information as "Confidential Information," provided that it shall not be a violation of this Stipulation and Confidentiality Agreement to have disclosed such information or information prior to notice of its designation as Confidential Information.

5. Documents designated as confidential, or the information contained therein, shall not be disclosed, without the express consent of the producing party or by specific order of the Court, to any person other than counsel of record for the Parties except that such information may be released to:

    a) any Party to this action, including its officers, directors, agents, in-house counsel, or employees (subject to the further limitations contained herein);

      b)     persons regularly employed or otherwise associated with the law firms of such attorneys, whose assistance is required by said attorneys in preparation for the trial of this case;

      c)     expert witnesses and consultants retained by the Parties in connection with this matter, to the extent such disclosure is necessary for the trial, or preparation for the trial of this case; and,

      d)     any other person as to whom the Parties mutually agree in writing (signed by all Parties or their respective counsel of record), or, if the Parties are not able to reach an agreement, either Party may move the Court for an order that such persons may have access to the Confidential Information.

6. If a Party seeks to establish that a document, either in part or in its entirety, is not of a confidential nature and is not entitled to the protections afforded by this Stipulation, the party contesting the designation of confidentiality shall notify all counsel of the objection and the basis for the objection. If the Parties, through their respective counsel, cannot resolve the dispute within ten (10) days of such notification being made, the party seeking to preserve the designation of confidentiality shall file an appropriate motion with the Court and, as such party is in the best position with regard to knowledge as to the nature of the document or information, shall bear the burden of establishing that the document or information is confidential and is to be afforded the protections of this Stipulation.

7. Prior to disclosing any confidential information to any expert witness or consultant, or any person described in paragraph 5(d) above, counsel shall obtain from such expert, consultant or other person a written acknowledgment that he or she has read this Stipulation and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be made available to opposing counsel upon request without a court order requiring such production.

8. The "Confidential Information" is to be used solely as necessary for the litigation of this matter, or as necessary for preparation by counsel for trial, post-trial motions and appeals. Any and all other uses are expressly prohibited.

9. It is anticipated that, within the course of litigating this matter, depositions will be taken and, at times, such depositions may involve the disclosure of confidential information. To the extent that depositions of the Parties or of expert witnesses or other consultants are taken, the scope of this Stipulation extends to such individuals or entities as provided above and the provisions of this Stipulation shall be respected in such proceedings. Should an individual or entity not otherwise subject to this Stipulation be deposed in connection with this matter, and should such deposition involve the disclosure of confidential information, any portions thereof containing such information are subject to the provisions of this Stipulation and shall be so designated on the record in the deposition or within 30 days after receipt by the deponent or deponent's counsel of a transcript of such deposition.

10. Nothing in this Stipulation shall prohibit, during the litigation of this matter, the use of any "Confidential Information" in pre- and post-trial motions, depositions, mediation, hearings, trial and appeals. Such use shall not constitute a waiver (express or implied) of the provisions of this Stipulation.

11. This Stipulation may be modified by written agreement of the Parties hereto, by and through respective counsel, without leave of court.

12. The provisions of this Stipulation shall survive the termination of this action, except to the extent that Confidential Information becomes part of the public record at trial. Within thirty (30) days of the termination of the action, and at any Party's request, all documents and copies marked

"Confidential Information" shall either be returned to the producing Party through their attorneys or shall be destroyed.

13. This Stipulation may be entered, on the request of a party, as an order of the Court in which this action is pending. Whether or not it has been so entered, its terms shall be specifically enforceable by motion in this action, and such terms shall survive any judgment, settlement, discontinuance, dismissal, or other disposition of this action.

Agreed to by the Parties, through their respective counsel:

| JON M. TAYLOR | DEFENDANTS |
|---|---|
| By His Attorney: | By their attorneys, |
| /s/ Howard Mark Fine, Esquire | /s/ Joseph S. Fair, Esquire |
| _____ | _____ |
| Howard Mark Fine, Esquire (BBO#554671)<br>86 Sherman Street<br>Cambridge, MA  02140-3233<br>617-868-9200<br>howardmfine@gmail.com | Joseph S. Fair, Esquire (BBO)#637818)<br>Kopelman and Paige, P.C.<br>101 Arch Street<br>Boston, MA  02110<br>617-556-0007 |

FOR WALTER SAWICKI

/s/ Austin M. Joyce, Esquire

_____
Austin M. Joyce, Esquire (BBO#255040)
Reardon, Joyce & Akerson, P.C.
397 Grove Street
Worcester, MA 01605
(508) 754-7285

Dated: May 19, 2006

So ordered.

_____
Judge Patti B. Saris