UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12417-PBS

| | |
|---|---|
| JON M. TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>TOWN OF FREETOWN, CARLTON E. ABBOTT, JR., individually and as Chief of the Freetown Police Department, and WALTER J. SAWICKI, individually and as Lieutenant of the Freetown Police Department,<br><br>    Defendants. | DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER |

Now come Defendants in the above-captioned matter and respectfully submit, pursuant to Fed.R.Civ.P. 26(c) and 30(d)(4), the following memorandum in support of their Motion For Protective Order.

I.    FACTS

On December 1, 2003, the plaintiff, Jon M. Taylor (hereinafter, "Plaintiff") filed, but did not serve, his original complaint in this matter. On March 23, 2004, Plaintiff filed his First Amended Complaint and Defendants subsequently moved to dismiss same. Thereafter, Magistrate Judge Alexander issued her report and recommendations concerning Defendants' motion and recommended that the motion be allowed on the basis that Plaintiff had failed to allege any actionable events within the statute of limitations periods applicable to each of his claims.

Following the issuance of Magistrate Judge Alexander's report, the Court provided Plaintiff with an opportunity to amend his complaint further to address the statute of limitations problem by demonstrating a continuing violation. On or about January 13, 2005, Plaintiff amended his complaint for the second time and filed his Second Amended Complaint (hereinafter, "Complaint").

Plaintiff's claims against Defendants in this matter primarily concern his allegation that Defendants retaliated against him for speaking out on matters of public concern. In this regard, Plaintiff alleged in his Complaint that Defendants retaliated against him for making allegations to the Freetown Board of Selectmen (hereinafter, "Board") that police officers in the Freetown Police Department were "double dipping" in connection with paid details they were performing for White Mountain Cable Company. In support of these claims, Plaintiff pointed to several pieces of correspondence that he sent to the Board and Police Chief Carlton Abbott (hereinafter, "Chief Abbott"). Complaint at ¶19; Complaint Exhibits A-D. Those letters were sent by Plaintiff on or about October 26, 2000, November 22, 2000, July 17, 2002 and June 27, 2003. See Complaint Exhibits A – D.

At his June 7, 2006 deposition, Plaintiff testified that on November 7, 2004 he telephoned Chief Abbott and advised him that he "was going to the FBI regarding the White Mountain Cable incidents." Exhibit 1 at 145-48. Although Plaintiff later testified that he subsequently spoke to the FBI about an application for a school resource officer grant that was completed by Chief Abbott as well, his deposition testimony reveals that he never informed Chief Abbott that he would be doing so. See id.

On October 13, 2006, Plaintiff's counsel, Attorney Howard Fine, took the deposition of former Selectman John Laronda.  At that deposition, Attorney Fine attempted to question Laronda about the school resource officer grant application that was completed by Chief Abbott and filed by the Town in May 2002 with the United States Department of Justice.  See Exhibit 2 hereto.  Defendants' counsel objected and stated that he would be seeking the instant motion for protective order to preclude that inquiry.

On October 18, 2006, the deposition of Chief Abbott was resumed both in his individual capacity and as a witness designated by the Town pursuant to Rule 30(b)(6).  To date, said deposition has consumed three (3) full days of testimony and has involved the review of eighty-five (85) exhibits, many of which consisted of numerous pages.  At the deposition, Attorney Fine indicated that he also wished to depose Chief Abbott on the subject of the school resource officer grant application.  Defendants' counsel objected and again indicated that he would be filing the instant motion.

Discovery in this matter is currently set to close on October 31, 2006.

II.   ARGUMENT

Plaintiff's Complaint in this matter does not contain a single reference to any grant applications nor does it contain an assertion that any of the retaliatory actions he has alleged Defendants engaged in were in response to his having spoken out about any improprieties concerning such grants or for having purportedly gone to the FBI with such information.  In fact, the record reflects that Plaintiff never even raised the issue with Chief Abbott when Plaintiff contends they spoke on November 7, 2004.  Exhibit 1 at 145-48.  In the absence of any allegations in his Complaint about a school resource

officer grant application or retaliation by Defendants for his speaking out regarding same, Plaintiff's efforts to inquire of Laronda, Chief Abbott or any other individual on that subject are not relevant to his claims in this matter nor are they reasonably calculated to lead to the discovery of admissible evidence as is required under Fed.R.Civ.P. 26(b)(1). Although Plaintiff was given the opportunity by the Court to amend his Complaint, and ultimately did so on January 13, 2005, he failed to include any allegation about the school resource officer grant application or about any retaliatory action against him for purportedly going to the FBI regarding same. See Complaint. To date, Plaintiff has deposed Chief Abbott a total of three (3) full days and questioned him regarding eighty-five (85) exhibits, many of which were quite voluminous. Plaintiff's attempt to expand the scope of his Complaint and inquire into matters that are outside the scope of permissible discovery is being done for the purpose of harassing Defendants, is outside the permissible scope of discovery, poses an undue burden on them and will cause them to incur unnecessary expense. See Fed.R.Civ.P. 26(c). In light of the foregoing, Defendants are respectfully requesting that a protective order be issued which precludes Plaintiff's discovery efforts on the subject of the school resource officer grant application, including his efforts to depose Laronda, Chief Abbott or any other individuals on that topic.

III.   CONCLUSION

Based on the foregoing, Defendants respectfully request that the Court issue a protective order which precludes Plaintiff from conducting any discovery regarding the subject of the school resource officer grant application, including his efforts to depose Laronda, Chief Abbott or any other individuals on that topic.

DEFENDANTS

By their attorneys,

/s/Joseph S. Fair
David C. Jenkins (BBO# 251000)
Joseph S. Fair (BBO# 637818)
Kopelman and Paige, P.C.
  Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02116
(617) 556-0007

Date: October 24, 2006

## Certificate of Service

      This is to certify that on the date subscribed below I caused a copy of Defendants' Memorandum In Support Of Their Motion For Protective Order to be served through the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and that non-registered participants, if any, were served with paper copies of said document.

/s/ Joseph S. Fair
Joseph S. Fair (BBO#637818)
Kopelman and Paige, P.C.
  Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02110
(617) 556-0007

Dated: October 24, 2006

296461/60700/0503