UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

_____
                                    )
JON M. TAYLOR,                      )
              Plaintiff,               )
                                    )
    v.                              )
                                    )
TOWN OF FREETOWN,                   )
                                    )
CARLTON E. ABBOTT, Jr., ESQ.,       )    C.A. 03-12417-PBS
Individually and as Chief of the Freetown )
Police Department, and              )
                                    )
WALTER J. SAWICKI,                  )
Individually and as Lieutenant of the )
Freetown Police Department          )
              Defendants.              )
_____)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS**

COMES now plaintiff Jon M. Taylor ("Plaintiff") in the above-captioned matter and hereby prays that this Honorable Court grant leave, pursuant to Fed.R.Civ.P. 30(a)(2)(A) and 26(b)(2) and LR. 26.1(C), to conduct four additional depositions beyond the ten-deposition limit and re-depose witnesses, as needed.[1] Plaintiff states the following reasons his motion for judicial relief should be granted.

**I.      PROCEDURAL HISTORY**

---

[1] See Defendants' Motion for Protective Order, filed electronically with the Court on October 24, 2006, in which Defendants, over Plaintiff's objection and forthcoming opposition, attempt to preclude Plaintiff from examining Defendants and/or witnesses on matters pertaining Abbott's grant application for federal funds to establish a School Resource Officer position. By agreement of counsel, Plaintiff agreed to suspend Abbott's deposition, the deposition of a former Chairman of the Freetown Board of Selectmen, John Laronda ("Laronda") and any other similar depositions pending a ruling on Defendants' motion. Should the Court deny their motion, Plaintiff, in addition to conducting additional depositions, seeks to re-depose Abbott, Laronda and current Board of Selectmen member Lawrence Ashley ("Ashley") regarding possible falsification of information concerning Abbott's federal grant application. See Exhibit A, which is attached hereto and by reference incorporated herein (copies of newspaper articles concerning the propriety of the grant application process).

On December 1, 2003, Plaintiff filed the herein civil action against defendants Town of Freetown, Chief Carlton E. Abbott, Jr., Esquire ("Abbott") and Lieutenant Walter J. Sawicki (collectively referred to as "Defendants") on claims arising out of Plaintiff's exercising his right of free speech by speaking out against corruption in the Freetown Police Department. Subsequent thereto, Plaintiff twice amended the complaint: once as a matter of course, the second time with leave of court. On January 31, 2006, United States Magistrate Judge Joyce London Alexander recommended that Defendants' second dispositive motion, in large part, be dismissed; and on February 16, 2006, District Court Judge Patti B. Saris, by court order, endorsed those recommendations.[2]

In Defendants' April 28, 2006 automatic disclosures, as required pursuant to Fed.R.Civ.P. 26(a)(a) and LR. 26.2, fifteen witnesses likely to have discoverable information were identified. In contrast, Plaintiff identified forty-four witnesses. Of those forty-four, Plaintiff seeks to depose fourteen. Three depositions already have been taken by Plaintiff: Abbott's, Freetown's and Laronda's.[3] Of the eleven remaining, six deponents are witnesses who were named in Defendants' automatic disclosures.[4]

Prior to the close of factual discovery, which is scheduled to end on October 31, 2006, Plaintiff subpoenaed and noticed the depositions of the following non-expert witnesses: a)

---

[2] See Magistrate Judge Alexander's Report and Recommendation on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (for procedural history of case, analysis of the merits of Plaintiff's legal claims and recommendations regarding disposition of Defendants' Fed.R.Civ.P. 12(b) motion; see also order of the Honorable Patti B. Saris endorsing Magistrate Judge Alexander's recommendations to deny Defendants' motion as to counts I-III, V, VI and, as to Lieutenant Sawicki only, count VII.

[3] Where Abbott was the sole witness designated by Freetown to testify on its behalf pursuant to Fed.R.Civ.P. 30(b)(6), for purposes of calculating the number of depositions under the above rule, Defendants do not take issue with Plaintiff's contention that only three depositions have been taken prior to filing the herein motion.

[4] Selectman Lawrence Ashley, Sergeant Steven Abbott, Sergeant Michael Byrnes, Attorney Jen Rose, and Dr.

Selectman Lawrence Ashley; b) Sergeant Steven Abbott; c) Sergeant Charles Sullivan; d) Sergeant Swede Magnett; e) Detective Michael Byrnes; f) Patrolman Michael Connell; g) Patrolman Ryan Perriera; h) Police Dispatcher Deborah Souza; i) Police Dispatcher Susan Moquin; and j) Attorney Jen Rose.  In addition, Plaintiff rescheduled the deposition of Dr. Schaefer, whom Defendants designated as their expert to opine on the nature and cause of Plaintiff's emotional distress.[5]

On October 20, 2006, the opposing attorney apprised the undersigned counsel that his clients objected to Plaintiff exceeding the ten deposition limit, as set forth in Fed.R.Civ.P.30(a)(2)(A) and LR. 26.1(C).  Upon being informed of this objection, Plaintiff immediately agreed to refrain from commencing additional depositions, as described below, and five days later filed the instant motion.

Plaintiff specifically seeks leave to depose the following fact witnesses: Police Dispatchers Moquin and Souza and Patrolman Perriera.  It is anticipated that their depositions will be relatively short (one to two hours each) and should be concluded easily in less than one day.

Should one or more of Plaintiff's six claims survive summary judgment, Plaintiff also requests that he be granted leave to depose Dr. Schaefer prior to trial, for reasons set forth below.

## II.  LEGAL ARGUMENT

A party's request to exceed the ten-deposition limit is determined by Fed.R.Civ.P.

---

Mark Schaefer.

[5] See Exhibit B, which is attached hereto and by reference incorporated herein for copy of Defendant Town of Freetown's Answers to Plaintiff's First Set of Interrogatories, dated September 26, 2006; and, in particular, its answer to interrogatory number 2. (Dr. Schaefer was also identified as an expert on September 1, 2006 by Abbott, in response to his interrogatories.)  See also Exhibit C, which is attached hereto and by reference incorporated herein, for copy of correspondence from Dr. Schaefer to Attorney Joseph S Fair.

26(b)(2).[6]  See Express One Intern, Inc. v. Sochata, 2001 WL 363073 (N.D.Tex. 2001).

In the case at bar, no undue prejudice would result to Defendants were this Honorable Court to enlarge the discovery deadline slightly in order to allow Plaintiff to take three short depositions of key witnesses.  Where the parties are jointly requesting additional time to file summary judgment pleadings, granting Plaintiff two more weeks to complete the remaining depositions would not pose an undue delay to the resolution of this case.[7]

Moreover, the limitations of discovery referenced in rule 26(b)(2) are inapplicable in this instance.  First, Plaintiff avers that the proposed deponents have relevant knowledge of material facts that tend to or directly support his assertion that he was subjected to adverse and/or disparate treatment in the workplace after he refused to conspire with other officers to conceal a crime.[8]  Second, at least one or more of these witnesses (Moquin and/or Souza) is expected to attest to hearing conversations that support Plaintiff's claim that his reputation in the department has been damaged.[9]  Discovery of such evidence is neither unreasonably cumulative nor duplicative, but probative on a variety of factual disputes, such as whether Plaintiff, for example, was denied training opportunities or subjected to harassment.

Third, where police corruption is a serious matter of public concern, Plaintiff's

---

[6] In relevant part, the rule reads as follows: "The frequency of extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the mount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

[7] See Joint Motion for 30 Day Extension Of Summary Judgment Deadline And For Corresponding Adjustments of Scheduling Order, filed electronically with the Court on October 25, 2006.

[8] See Exhibits D to F, which are attached hereto and by reference incorporated herein (for relevant excerpts from Plaintiff's three deposition transcripts).

[9] See Exhibit F, pp. 38-40.

considerable need for the above information outweighs the minimal burden and delay to Defendants should these depositions be allowed.  See Bennett v. City of Holyoke, 230 F.Supp.2d 207, 224 (D.Mass. 2002) affirmed 362 F.3d 1 (1st Cir. 2004) ("[s]tatements uncovering corruption within a police department are precisely the type of communications that demand strong First Amendment Protection"); see also Alexander v. F.B.I., 192 F.R.D. 20, 22 (D.D.C. 2000) (in striking a balance between the probative value of the proposed deposition testimony and the delay to the litigation, the Court denied defendants' motion to limit the number of depositions); but see Archer Daniels Midland v. Aon Risk Services, Inc., 187 F.R.D. 578, 586-87 (D.Minn. 1999) (plaintiff's motion to take more than twenty depositions denied where plaintiff failed to make a "particularized showing" that each witness was essential to discovery and not the depositions were not merely a "replication" of other discovery conducted).

As for Dr. Schaefer, at least one federal court opined that it is unresolved whether expert depositions should be counted toward calculating the ten-deposition limit.  See Express One Intern supra at *3 (in dicta, a Special Master opined that the applicable rules of federal procedure on traditional experts are unclear).  Regardless, in applying rule 26(b)(2) to the matter at hand, the Court would be within its discretion to grant Plaintiff's request for relief for several reasons.

First, delaying Dr. Schaefer's deposition would not cause any undue prejudice to the parties or disrupt the Court's management of this litigation, since it involves a single, local witness whose testimony can be taken in a day.

Second, by not requiring Plaintiff to depose Dr. Schaefer before the close of factual discovery allows for the possibility that there may not be a need for expert testimony if summary judgment determines that genuine issues of material dispute do not exist to warrant a jury trial.

Hence, delaying his deposition is a potential cost-savings benefit to the parties – particularly to Plaintiff, who will be required to pay Dr. Schaefer an hourly rate of $200.00 for his expert testimony.[10]

Third, should one or more of Plaintiff's claims pass muster under rule 56, justice and fairness necessitate that Plaintiff should be allowed to examine Defendants' expert prior to trial. Since Dr. Schaefer is their sole expert witness, it would be impossible for Plaintiff to obtain similar testimony from another source.

### III.    CONCLUSION

WHEREFORE, for reasons stated above, Plaintiff prays that this Honorable Court grant relief by allowing him an additional two weeks to complete discovery by deposing Moquin, Souza and Perriera; and, if Defendants' motion for protective order is denied, that he be allowed to re-depose Abbott, Laronda and Ashley.  In addition, Plaintiff requests that Dr. Schaefer's be deposed prior to trial should any one of Plaintiff's claims survive summary judgment.  Finally, Plaintiff asks that the Court grant him any other relief that it deems just and mete.

                           Respectfully Submitted by:

                           JON M. TAYLOR
                           By His Attorney

                           /s/ Howard Mark Fine, Esquire
                           Howard Mark Fine, Esquire
                           86 Sherman Street
                           Cambridge, MA  02140-3233
                           BBO No. 554671
                           (617) 868-9200

Dated: October 25, 2006

---

[10] See Exhibit C.