UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12417-PBS

JON M. TAYLOR,
    Plaintiff,

v.

TOWN OF FREETOWN, CARLTON E. ABBOTT, JR., individually and as Chief of the Freetown Police Department, and WALTER J. SAWICKI, individually and as Lieutenant of the Freetown Police Department,
    Defendants.

AFFIDAVIT OF WALTER SAWICKI

Now comes the undersigned and hereby deposes and states as follows:

1. My name is Walter Sawicki. I have been employed by the Town of Freetown (hereinafter, "Town") as a permanent, full-time police lieutenant in the Freetown Police Department (hereinafter, "Department") from September 1987 to the present.

2. In addition, I have served as the Department's Internal Affairs (hereinafter, "IA") officer since January 15, 2003 and as the Department's Court Officer since September 12, 2000.

3. Pursuant to the Department's IA policy, I am required to investigate all complaints made against the Department or its members regardless of the source of the complaint. A true and accurate copy of the IA Policy is attached to Defendants' Local Rule 56.1 Statement of Facts as Exhibit 1.

4. I have never served as the Department's Maintenance Supervisor.

5. Sometime after April 17, 2003, Chief Abbott forwarded me a copy of an anonymous written complaint he had received from a citizen regarding Plaintiff.

6. As part of my investigation, I provided Plaintiff with a copy of the complaint and asked him for a written response.

7. Pursuant to my request, Plaintiff submitted a May 14, 2003 response to the complaint. A true and accurate copy of Plaintiff's response is attached to Defendants' Local Rule 56.1 Statement of Facts as Exhibit 16.

8. After reviewing Plaintiff's response, I forwarded a copy of my investigative report to Chief Abbott. In my report, I recommend that no disciplinary action be taken against Plaintiff in response to the citizen's allegations, that Plaintiff be counseled regarding the "perception" by motorists that he is following too closely and that Plaintiff be counseled regarding the Department's IA policy and the state perjury statute. A true and accurate copy of my report is attached to Defendants' Local Rule 56.1 Statement of Facts as Exhibit 17.

9. In response to the instructions contained in the announcement for the October 11, 2003 promotional exam, Plaintiff sent me an email on August 1, 2003 indicating that he wished to take the exam. A true and accurate copy of that email is attached to Defendants' Local Rule 56.1 Statement of Facts as Exhibit 23.

10. On or about December 29, 2003, I filed a written complaint with Chief Abbott in connection with an incident I had with Plaintiff on that date at the Fall River District Courthouse. A true and accurate copy of that complaint is attached to Defendants' Local Rule 56.1 Statement of Facts as Exhibit 31.

11. At no time relevant to this matter did my duties make me responsible for promoting officers, assigning cruisers, approving training or granting the overtime in question in this case nor did I possess the authority to discipline officers.

3

12. At no time did I ever state to anyone at the Fall River District Attorney's Office that Plaintiff had "faked" a work injury.

Signed under the pains and penalties of perjury this 15th day of November 2006.

/s/ Walter J. Sawicki
Walter J. Sawicki

298749/60700/0503