UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JON M. TAYLOR,<br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>TOWN OF FREETOWN,<br><br>CARLTON E. ABBOTT, Jr., ESQ.,<br>Individually and as Chief of the Freetown<br>Police Department, and<br><br>WALTER J. SAWICKI,<br>Individually and as Lieutenant of the<br>Freetown Police Department<br>　　　　　　　　Defendants. | C.A. 03-12417-PBS |

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

COMES now plaintiff Jon M. Taylor ("Plaintiff") in the above-captioned matter and hereby moves this Honorable Court, pursuant to Fed.R.Civ.P. 15(a) and (d), to further amend as well as supplement his original complaint for reasons described more fully below.[1]

### I.　　ABBREVIATED FACTUAL AND PROCEDURAL BACKGROUND

On December 1, 2003, Plaintiff filed the above-captioned complaint against defendants Town of Freetown ("Freetown"), Carlton E. Abbott, Jr., Esquire ("Abbott") and Walter J. Sawicki ("Sawicki") (hereinafter collectively referred to as "Defendants").

---

[1] See Plaintiff's Memorandum Of Law In Support Of Opposition To Defendants' Motion For Summary Judgment, n.10.

On May 3, 2004, Defendants moved to dismiss Plaintiff's first amended complaint, pursuant to Fed.R.Civ.P. 12(b)(6). On December 14, 2004, District Court Judge Patti B. Saris granted Plaintiff leave to amend in order remedy statute of limitations problems in the complaint, as noted by Magistrate Judge Joyce London Alexander in her first report and recommendation, issued November 9, 2004.

On February 24, 2005, Defendants moved to dismiss Plaintiff's second amended complaint and on January 31, 2006, Magistrate Judge Alexander filed a report and recommendation in response thereto. On February 16, 2006, Judge Saris endorsed Magistrate Alexander's report and recommendation to allow Defendants' motion to dismiss Plaintiff's second amended complaint on count IV as to both Abbott and Sawicki and as to Abbott, count VII; and to deny the motion as to the remaining counts I to III, V, VI and as to Sawicki only, count VI (sic).[2]

On March 31, 2006, Judge Saris issued a scheduling order, which, *inter alia*, required that the parties complete discovery on October 31, 2006.

At Plaintiff's deposition on June 7, 2006, Defendants elicited testimony about his contacting the Federal Bureau of Investigation ("FBI") relative to what he believed was a fraudulent grant application filed by Abbott.[3] Prior to the conclusion of Plaintiff's third day of deposition testimony on June 22, 2006, Plaintiff supplemented his response to Defendants' document production requests by producing at Kopelman and Paige's law

---

[2] Due to a typographical error, Plaintiff's defamation claim in the second amended complaint was mislabeled "count VI" instead of "count VII."

[3] See Plaintiff's Memorandum Of Law In Support Of His Opposition To Defendants' Motion For Protective Order, Exhibit A, at 153-55.

2

office copies of documents concerning the School Resource Officer grant (the "SRO Grant") that had recently come into his possession.

Plaintiff deposed former Freetown Board of Selectmen Chairman John Laronda on October 13, 2006. At his deposition, Laronda *inter alia* testified that he disagreed with the Board's claim that further investigation did not substantiate Taylor's allegations of police misconduct – but nonetheless had yielded to the Board's "experience."[4]

On October 24, 2006, one week prior to the close of discovery, and with Abbott's John Laronda's and Lawrence Ashley's depositions pending, Defendants moved for a protective order to prevent Plaintiff from deposing witnesses regarding the SRO Grant. On November 13, 2006, Magistrate Judge Joyce London Alexander denied Defendants' motion for a protective order. Defendants have refused to allow Plaintiff to complete three pending depositions, notwithstanding Magistrate Jude Alexander's order to the contrary, on grounds that he is precluded from doing so where discovery had ended on October 31, 2006.

On December 6, 2006, Judge Saris granted Plaintiff's assented-to motion to seal temporarily the summary judgment record.

Plaintiff avers that to the present date, Defendants continue to retaliate against him for reasons attributable to his complaining internally and externally about police corruption in the Freetown Police Department. See proposed third amended complaint,

---

[4] See Plaintiff's opposition supra Exhibit E (for copy of relevant testimony from Laronda's deposition transcript, and, in particular, pp. 99-101 and 108-110); see also proposed third amended complaint, ¶37 (in which Plaintiff avers that Abbott falsified a federal grant application).

3

¶¶48-53, 54 and exhibits annexed thereto.[5] Such acts have included, but are not limited to:

    a. continuous harassment and intimidation by administered unwarranted discipline and threats of job termination;

    b. economic coercion by Abbott and Freetown by unjustifiably withholding workers' compensation benefits;

    c. Abbott's applying for involuntarily disability retirement on Plaintiff's behalf over the latter's objection in order to remove him from the Freetown Police Department; and

    d. unjustifiable counseling of Plaintiff for alleged poor performance, as most recently as August 28, 2006.

Plaintiff seeks to amend the complaint to correct scrivener and typographical errors and to reflect this Honorable Court February 16, 2006 ruling on Defendants' dispositive motion, in which Judge Patti B. Saris dismissed plaintiff's Massachusetts Civil Rights Act claim (count IV) from the seconded amended complaint and dismissed defendant Carlton E. Abbott, Jr., Esquire from plaintiff's defamation claim (count VI [sic]). In addition, your movant seeks to supplement his pleadings to include transactions, occurrences and/or events that have occurred subsequent to the initial pleadings that were investigated during the course of discovery and which relate to the remaining claims in this litigation.[6]

## II.    ARGUMENT

According to Fed. R.Civ.P. 15(a), once a party's pleading has been served and answered, a party may amend his pleading only by leave of court, unless the adverse

---

[5] See impounded summary judgment record for Plaintiff's opposition to Defendants' motion for summary judgment.

[6] Defendants have had full opportunity to investigate during formal discovery claims averred in Plaintiff's proposed amended complaint, except for Plaintiff's allegations of a promotional by-pass that occurred on or about December 7, 2006. See ¶54(f).

party gives written consent.

Rule 15(a) explicitly states that "leave shall be freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). A motion to amend should be denied only if made in bad faith, for dilatory purposes, after undue delay, where the adverse party demonstrates prejudice or where the amendment, on its face, would not withstand a motion to dismiss under Rule12(b)(6). 3 Moore's Federal Practice, §15.15(1); Acosta-Mestre v. Hilton International of Puerto Rico, 156 F. 3d 49, 51 (1st.Cir. 1989).

Similarly, a party may move to supplement his complaint, pursuant to Fed.R.Civ.P. 15(d), "upon reasonable notice and upon terms that are just . . . setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." A supplemental pleading may be employed to set forth new facts and update an earlier pleading in order to promote as complete an adjudication of the dispute between the parties as is possible. Wright, Miller & Kane, Federal Practice and Procedure, §1504, n.1 (West 1990). The District Court may grant a motion to supplement at any time during the pendency of an action. Id. at §1509. Leave to supplement a pleading should be freely granted, absent a clear showing of bad faith, dilatory tactics, futility or undue prejudice. See Quaratino v. Tiffany & Co., 71 F.3rd 58, 66 (2nd Cir. 1995); Glatt v. Chicago Park Dist., 87 F.3rd 190, 194 (7th Cir. 1996); Concerned Area Residents v. Southview Farm, 834 F.Supp. 1410, 1412-13 (W.D.N.Y. 1993). Typically, a court will grant leave, particularly if the opposing party is not prejudiced by the supplemental pleading. See Quaratino supra citing Bornholdt v. Brady, 869 F.2d 57, at 68 (2dCir. 1989); LaSalvia v. United Dairymen, 804 F.2d 1113, 1119 (9th

Cir.1986), cert. denied 482 U.S. 928, 107 S.Ct. 3212, 96 L.Ed.2d 699 (1987).

Clearly, none of the factors warranting denial of Plaintiff's motion to amend or supplement his pleading exist in the instant matter. For one, Defendants have availed themselves of the opportunity to depose Plaintiff on three separate occasions in order to probe the same facts that Plaintiff seeks to include in his third amended complaint. As such, they are hard-pressed to claim undue surprise or prejudice were this Honorable Court to grant Plaintiff's motion. Moreover, in anticipating that Plaintiff would argue these facts, Defendants already have addressed them at great length in their summary judgment brief.[7] Further still, the proposed facts that Plaintiff has included in his third amended complaint arise out of claims which already have withstood Defendants' Rule 12(b)(6) motion. Finally, where Plaintiff avers that he is still being subjected to retaliation, a liberal application of Rule 15 to the case at bar should allow Plaintiff to timely amend and supplement his complaint to ensure as complete an adjudication as possible.

### III.   CONCLUSION

The transactions, events and occurrences contained in Plaintiff's third amended complaint happened after the initial pleading, involve the same parties, relate to the same legal theories as pled and were largely investigated by Defendants during discovery. Further, amending the complaint is necessary to correct scrivener and typographical errors. For these reasons, and those argued above, Plaintiff's motion should be allowed.

---

[7] See Defendants' Memorandum In Support Of Their Motion For Summary Judgment, at nn.12-13.

Respectfully Submitted By:

_____
Howard Mark Fine, Esquire
Counsel for Plaintiff Jon M. Taylor
86 Sherman Street
Cambridge, Massachusetts  02140-3233
B.B.O. No. 554671
617-868-9200

Dated: December 12, 2006