UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12417-PBS

JON M. TAYLOR,

    Plaintiff,

v.

TOWN OF FREETOWN, CARLTON E. ABBOTT, JR., individually and as Chief of the Freetown Police Department, and WALTER J. SAWICKI, individually and as Lieutenant of the Freetown Police Department,

    Defendants.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT

    Now come Defendants and hereby oppose Plaintiff's Motion For Leave To File Third Amended Complaint for the reasons set forth below.

I.    BACKGROUND

    On December 1, 2003, the plaintiff, Jon M. Taylor (hereinafter, "Plaintiff") filed his complaint in this matter. Prior to serving that complaint, Plaintiff filed an amended version with the Court. After Defendants moved to dismiss Plaintiff's First Amended Complaint, said complaint was recommended for dismissal by Magistrate Judge Alexander. In response to Plaintiff's objections to that recommendation, the Court, on December 14, 2004, granted Plaintiff an opportunity to amend his complaint further "to address the statute of limitations problem and demonstrate a continuing violation."

    On January 13, 2005, Plaintiff filed his Second Amended Complaint (hereinafter, "Complaint"). In Counts I, II, III and IV, Plaintiff alleged that the defendants, Town of

Freetown (hereinafter, "Town"), Freetown Police Chief Carlton Abbott, Jr. (hereinafter, "Abbott") and Freetown Police Lieutenant Walter J. Sawicki (hereinafter, "Sawicki"), in violation of 42 U.S.C. §1983, M.G.L. c.12, §§11H and 11I and Article 16 of the Massachusetts Declaration of Rights, deprived him of his right to free speech and interfered with his protected conduct under M.G.L. c.149, §185.  In Count V, Plaintiff asserted that the Town violated M.G.L. c.149, §185(a)(5) by retaliating against him for engaging in activity that is protected under §185.  Finally, in Counts VI and VII[1], respectively, Plaintiff alleged that Abbott and Sawicki tortiously interfered with his contractual and/or advantageous business relationship with the Town and that they defamed him.

Subsequently, Defendants moved to dismiss Plaintiff's Complaint which the Court allowed with respect to the state civil rights act claims against both Abbott and Sawicki (Count IV) and the defamation claim against Abbott (Count VII).

On March 31, 2006, a scheduling conference was held in this matter at which the Court set October 31, 2006 as the deadline for discovery, November 15, 2006 as the deadline for motions for summary judgment and December 13, 2006 as the date for the summary judgment hearing.

On November 15, 2006, Defendants filed a motion for summary judgment as to all remaining counts which Plaintiff opposed on December 6, 2006.  The day before the Court was scheduled to hear Defendants' motion for summary judgment, Plaintiff filed the instant motion in an effort to amend his complaint for a third time.

A comparison of the proposed Third Amended Complaint to the current Complaint in this matter reveals that Plaintiff is attempting to add a number of new factual allegations.  Said new

---

[1] In his Complaint, Plaintiff labeled two (2) separate counts as "Count VI."  To avoid any confusion, the second of these counts, "Defamation", will be referred to as Count VII.

2

factual allegations can be found at paragraph 30 and paragraphs 32 through 54 of the proposed Third Amended Complaint.

On December 13, 2006, the hearing on Defendants' motion for summary judgment went forward as scheduled. After hearing from the parties, the Court took the matter under advisement. In addition, the Court granted Defendants until January 10, 2007 to submit their opposition to Plaintiff's motion for leave to amend.[2]

II.   ARGUMENT

   PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT SHOULD BE DENIED.

The decision to grant or deny a motion to amend or supplement a complaint is one that rests firmly within the discretion of the District Court. Foman v. Davis, 371 U.S. 178, 182 (1962). Where evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment exists, such a motion may be denied. Id.; see also Palmer v. Champion Mortgage, 465 F.3d 24, 30 (1st Cir. 2006) (citing undue delay, bad faith, futility and the absence of due diligence on the movant's part as circumstances in which a motion to amend may be denied). "[A] request to amend – especially a belated request – requires the court to examine the totality of the circumstances and to exercise its informed discretion in constructing a balance of pertinent considerations." Palmer, 465 F.3d at 30-31 citing Quaker State Oil Ref. Corp. v. Garrity Oil Co., 884 F.2d 1510, 1517 (1st Cir. 1989). Moreover, "[w]here the motion to amend is filed after the opposing party has timely moved for summary judgment, a plaintiff is required to show 'substantial and convincing evidence' to justify a belated attempt to amend a complaint."

3

Massachusetts Eye and Ear Infirmary, v. QLT Phototherapeutics, Inc., 412 F.3d 215, 231 (1st Cir. 2005) quoting Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004).

     Applying these principles to the instant matter, Plaintiff has failed to offer substantial and convincing evidence to justify his belated attempt to amend his Complaint.  See id.  It has been more than three (3) years since Plaintiff initially filed his complaint in this matter.  The majority of the factual allegations that Plaintiff is seeking to add to his Complaint are alleged to have occurred or to have flowed from events that took place between July 2004 and November 2004. See Proposed Third Amended Complaint at ¶¶30, 32-39, 43-48, 54(c).  Although many of these events were known to Plaintiff at the time that he filed his Second Amended Complaint on January 13, 2005, he neglected to include them at that time for reasons that have not been explained.  In the absence of substantial and convincing evidence to explain this failure, Plaintiff's request to add those allegations at this late date should be denied.  See Palmer, 465 F. 3d at 31 (motion to amend denied where plaintiff filed motion fifteen (15) months after commencing action, more than nine (9) months after initially amending her complaint and where amendment did not involve newly discovered evidence); Massachusetts Eye and Ear Infirmary, 412 F. 3d at 231 (motion to amend denied where motion was filed two years after the filing of the complaint, after the court had entered summary judgment on four (4) counts of the complaint and after the parties had fully briefed arguments on the remaining four (4) counts).

     In addition, allowing Plaintiff's motion to amend will prejudice Defendants because Plaintiff did not seek to amend his Complaint for the third time until the eve of the hearing on Defendants' motion for summary judgment and long after the discovery period had closed. Contrary to Plaintiff's assertions, Defendants did not have a full and fair opportunity to discover

---

[2] The Court also instructed the parties to report back by January 10, 2007 as to whether they would be interested in further mediation.  Defendants' response will be submitted separately from their instant opposition.

4

information relative to the newly raised allegations during discovery as Plaintiff had not raised them in his Complaint prior to the close of discovery. While it is true that Defendants deposed the Plaintiff, said deposition occurred without the benefit of a complaint that contained the additional allegations Plaintiff is now attempting to raise. With the exception of the December 7, 2006 promotion allegation, all of the events Plaintiff is seeking to add occurred on or before August 28, 2006 and prior to the October 31, 2006 discovery deadline in this matter. Although Plaintiff could have moved to amend his Complaint prior to the end of discovery, he elected to wait until <u>after</u> the discovery deadline had passed and Defendants had moved for summary judgment to do so. Defendants should not be forced to bear the burden of insufficient discovery that has been caused by Plaintiff's failure to amend his Complaint in a timely fashion. In light of the prejudice Defendants will suffer if Plaintiff were allowed to amend his Complaint, Plaintiff's motion should be denied.[3] <u>See</u> <u>Foman</u> v. <u>Davis</u>, 371 U.S. at 182; <u>Palmer</u>, 465 F.3d at 30.

Finally, Plaintiff's motion should also be denied as the allegations he is seeking to add do not add to his claims in this matter and are futile. As the Court noted in <u>Sibilia</u> v. <u>Snow:</u>

> To establish an adverse employment action, the employer must:
>
> (1) take something of consequence from the employee, say, by discharging or demoting [him], reducing [his] salary, or divesting [him] of significant responsibilities, or
>
> (2) withhold from the employee an accouterment of the employment relationship, say, by failing to follow a customary practice of considering [him] for promotion after a particular period of service.
>
> <u>Sibilia</u> v. <u>Snow</u>, 2006 WL 2990479 at 6 (Dist. Mass. 2006) <u>quoting</u> <u>Blackie</u> v. <u>Maine</u>, 75 F.3d 716, 725 (1st Cir. 1996).

---

[3] In the event that the Court is inclined to allow Plaintiff's motion to amend, Defendants would respectfully request that they be given additional time to conduct further discovery on the allegations being added to the Complaint.

The majority of the allegations Plaintiff is seeking to add do not rise to the level of adverse employment action under this standard on their face alone and those that arguably do, are subject to dismissal for the reasons articulated in Defendants' motion for summary judgment and memorandum in support of same which are incorporated herein by reference.  See Defendants' Memorandum In Support Of Motion For Summary Judgment at 19-22.[4]

Moreover, the 2006 allegations of retaliation are all too remote in time from the time Plaintiff alleges he last engaged in protected speech, i.e. November 2004, to permit an inference of a causal link to be drawn between the two and there is insufficient evidence in the record to establish such a link.  See generally Defendants' Memorandum In Support Of Motion For Summary Judgment.  In the case of the December 7, 2006 promotion denial, Plaintiff has not even alleged that he made himself eligible for the promotion by actually taking and passing the requisite promotional exam.  See Defendants' Statement of Material Facts To Which There Is No Genuine Issue Pursuant To Local Rule 56.1 at ¶87.

Additionally, Plaintiff's proposed Third Amended Complaint makes an allegation that is contrary to what Plaintiff testified to at his deposition.  Specifically, Plaintiff asserts in his proposed Third Amended Complaint that when he telephoned Chief Abbott on November 7, 2004 he told Chief Abbott that he was going to the FBI about his allegations of police corruption relative to White Mountain Cable details *and* regarding the School Resource Officer grant.  See Plaintiff's proposed Third Amended Complaint at ¶37.  As Defendants' summary judgment materials reflect, however, Plaintiff testified at his deposition that the conversation he had with

---

[4] Plaintiff's allegations regarding the 2004 insubordination charges and resulting letter of reprimand, his 2004 injury leave request and the Town's efforts to involuntarily retire him pursuant to the Town psychologist's suggestion were all addressed in Defendants' motion for summary judgment in anticipation that Plaintiff would attempt to once again amend his Complaint. In so arguing, Defendants expressly reserved their right to argue that said claims were not entitled to consideration in this matter unless and until Plaintiff properly amended his Complaint. See Defendants' Memorandum In Support Of Motion For Summary Judgment at 19 n.12 and 20 n.13.

6

Chief Abbott on November 7, 2004 regarding his going to the FBI was limited to the White Mountain Cable details issue only.  See Plaintiff's Deposition Vol. I at 145-48.[5]

In sum, Plaintiff has failed to offer substantial and convincing evidence to justify his belated attempt to amend his Complaint, Defendants will suffer prejudice if the motion is allowed, the amendments being sought ultimately are futile and the allowance of the motion will only serve to further delay this now more than three (3) year old case.  For all of these reasons, Plaintiff's motion to amend his Complaint for a third time should be denied.  See Foman v. Davis, 371 U.S. at 182; Palmer, 465 F.3d at 30; Massachusetts Eye and Ear Infirmary, 412 F. 3d at 231.

III.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's Motion For Leave To File Third Amended Complaint be denied.

                              DEFENDANTS

                              By their attorneys,

                              /s/Joseph S. Fair
                              David C. Jenkins (BBO# 251000)
                              Joseph S. Fair (BBO# 637818)
                              Kopelman and Paige, P.C.
                               Town Counsel
                              101 Arch Street, 12th Floor
                              Boston, MA 02116
Dated:  January 10, 2007             (617) 556-0007

---

[5] The excerpt from Plaintiff's deposition was attached to the Affidavit of Joseph S. Fair which was filed with the Court on November 15, 2006 in support of Defendants' Motion For Summary Judgment.

Certificate of Service

    This is to certify that on the date subscribed below I caused a copy of Defendants' Opposition To Plaintiff's Motion For Leave To File Third Amended Complaint to be served through the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and that non-registered participants, if any, were served with paper copies of said document.

Dated: January 10, 2007                        /s/ Joseph S. Fair

303298/60700/0503