UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12417-PBS

JON M. TAYLOR,

    Plaintiff,

v.

TOWN OF FREETOWN, CARLTON E. ABBOTT, JR., individually and as Chief of the Freetown Police Department, and WALTER J. SAWICKI, individually and as Lieutenant of the Freetown Police Department,

    Defendants.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTIONS FOR RELIEF PURSUANT TO RULE 56(f) AND TO COMPEL DISCOVERY

Now come Defendants and hereby oppose Plaintiff's Motion For Relief Pursuant To Rule 56(f) and his Motion To Compel Discovery for the reasons set forth below.

I.    BACKGROUND

On December 1, 2003, the plaintiff, Jon M. Taylor (hereinafter, "Plaintiff") filed his complaint in this matter. Prior to serving that complaint, Plaintiff filed an amended version with the Court. After Defendants moved to dismiss Plaintiff's First Amended Complaint, said complaint was recommended for dismissal by Magistrate Judge Alexander. In response to Plaintiff's objections to that recommendation, the Court, on December 14, 2004, granted Plaintiff an opportunity to amend his complaint further "to address the statute of limitations problem and demonstrate a continuing violation."

On January 13, 2005, Plaintiff filed his Second Amended Complaint (hereinafter, "Complaint"). In Counts I, II, III and IV, Plaintiff alleged that the defendants, Town of Freetown (hereinafter, "Town"), Freetown Police Chief Carlton Abbott, Jr. (hereinafter, "Chief

Abbott") and Freetown Police Lieutenant Walter J. Sawicki (hereinafter, "Lt. Sawicki"), in violation of 42 U.S.C. §1983, M.G.L. c.12, §§11H and 11I and Article 16 of the Massachusetts Declaration of Rights, deprived him of his right to free speech and interfered with his protected conduct under M.G.L. c.149, §185. In Count V, Plaintiff asserted that the Town violated M.G.L. c.149, §185(a)(5) by retaliating against him for engaging in activity that is protected under §185. Finally, in Counts VI and VII[1], respectively, Plaintiff alleged that Abbott and Sawicki tortiously interfered with his contractual and/or advantageous business relationship with the Town and that they defamed him.

Subsequently, Defendants moved to dismiss Plaintiff's Complaint which the Court allowed with respect to the state civil rights act claims against both Abbott and Sawicki (Count IV) and the defamation claim against Abbott (Count VII).

On March 31, 2006, a scheduling conference was held by the Court at which the deadlines for discovery and summary judgment were set at October 31, 2006 and November 15, 2006, respectively.

On September 14 and 20, 2006 Plaintiff took the deposition of Defendant Carlton Abbott ("Chief Abbott").

On October 13, 2006, Plaintiff took the deposition of former Freetown Board of Selectmen member John Laronda. At that deposition, Plaintiff's counsel sought to elicit testimony regarding a School Resource Officer ("SRO") grant application that had been filed by Chief Abbott in early 2003. Defendants' counsel objected to the inquiry on the basis that it was outside the scope of permissible discovery since Plaintiff's Complaint did not allege that Plaintiff had engaged in any protected activity surrounding the SRO grant issue. Defendants' counsel

---

[1] In his Complaint, Plaintiff labeled two (2) separate counts as "Count VI." To avoid any confusion, the second of these counts, "Defamation", will be referred to as Count VII.

represented that Defendants would seek a protective order if necessary. By agreement of counsel, Mr. Laronda's deposition was suspended after completion of the portion of it that was unrelated to the SRO grant to permit Defendants an opportunity to pursue a protective order.

On October 18, 2006, Plaintiff resumed the deposition of Chief Abbott. By agreement of counsel, Chief Abbott's deposition was also suspended after completion of the portion of it that was unrelated to the SRO grant.

On October 24, 2006, Defendants moved for a protective order seeking to preclude Plaintiff from inquiring into the SRO grant issue on the ground that it exceeded the scope of permissible discovery under Fed.R.Civ.P. 26. Plaintiff subsequently opposed the motion and the matter was referred to Magistrate Judge Alexander.

On October 27, 2006, Plaintiff took the deposition of Freetown Selectman Lawrence Ashley. By agreement of counsel, Mr. Ashley's deposition was also suspended after completion of the portion of it that was unrelated to the SRO grant.

On November 13, 2006, Magistrate Judge Alexander denied Defendants' motion for protective order on the ground that Defendants had "provide[d] no legal basis in support of the instant motion."

On November 15, 2006, Defendants filed a motion for summary judgment as to all claims in this matter. On December 6, 2006, Plaintiff filed his opposition to same.

On December 12, 2006, Plaintiff sought to amend his Complaint for the third time by filing a Motion For Leave To File Third Amended Complaint. Among the allegations Plaintiff was seeking to add was an allegation that Defendants had retaliated against him after speaking out regarding Chief Abbott's filing of the SRO grant application. See Plaintiff's proposed Third Amended Complaint at ¶37 et seq. Specifically, Plaintiff alleged that he spoke with Chief Abbott by telephone on November 7, 2004 and informed Chief Abbott that he intended to go to

the FBI with allegations that the Chief had falsified the SRO grant application.  Id.  Plaintiff asserted that in the two (2) plus years that have elapsed since that alleged conversation, Defendants imposed a number of adverse employment actions against him in retaliation for his protected activity.  Id.

On December 13, 2006, the hearing on Defendants' motion for summary judgment was held.  The Court took the matter under advisement and granted the Defendants until January 10, 2007 to oppose Plaintiff's motion to amend his complaint.

On January 3, 2007, Plaintiff filed the instant motions for relief pursuant to Fed. R. Civ. P. 56(f) and to compel discovery.  Said motions were served on Defendants' counsel via first class mail and were not received until January 4, 2007.

On January 10, 2007, Defendants filed their opposition to Plaintiff's motion to amend his complaint.  The Court denied Plaintiff's motion to amend on January 18, 2007.

To date, the Court has not ruled on Defendants' motion for summary judgment.

II.     ARGUMENT

    A.     PLAINTIFF'S MOTION FOR A STAY OF SUMMARY JUDGMENT SHOULD BE DENIED.

The decision to grant or deny a motion to stay summary judgment pursuant to Fed.R.Civ.P. 56(f) is one that rests firmly within the discretion of the District Court.  Adorno v. Crowley Towing and Transportation Co., 443 F.3d 122, 127 (1st Cir. 2006).  Motions filed pursuant to Fed.R.Civ.P. 56(f) in which additional discovery is being sought "must (1) be presented in a timely manner; (2) show good cause for the failure to discover the necessary facts sooner; (3) set forth a plausible basis for believing that the necessary facts probably exist and can be learned in a reasonable time; and (4) establish that the sought facts, if found, will 'influence the outcome of the pending motion for summary judgment.'"  Id. quoting Resolution Trust

4

Corp. v. North Bridge Assocs., Inc., 22 F. 3d 1198, 1203 (1st Cir. 1994). For the reasons detailed below, Plaintiff has not satisfied any of these requirements.

    1. <u>Plaintiff's motion was not presented in a timely fashion.</u>

Plaintiff asserts that the issue of his need to conduct further discovery was first raised with the Court in the Affidavit of Howard Mark Fine that was submitted in support of Plaintiff's opposition to Defendants' motion for summary judgment. However, a review of that document does not support this assertion. While it is true that Attorney Fine noted in that affidavit that a discovery dispute existed between the parties concerning Plaintiff's efforts to depose Mr. Ashley, Chief Abbott and Mr. Laronda on the subject of the SRO grant, he did not make the showings that are necessary under Rule 56(f) that would have permitted the Court to treat his affidavit as a request for a stay of summary judgment. Specifically, Attorney Fine's affidavit did not assert that Plaintiff was currently unable to adduce the facts essential to filing an opposition, did not provide any statement that the sought-after facts could be assembled within a reasonable time and did not provide any information or argument as to how the sought after facts would influence the outcome of the pending summary judgment motion all of which is required under Rule 56(f). See Velez v. Awning Windows, Inc., 375 F.3d 35, 40 (1st Cir. 2004). As such, Attorney Fine's earlier filed affidavit cannot be considered the functional equivalent of a Rule 56(f) motion. See id.

The first time Plaintiff did assert that he needed to conduct further discovery to oppose Defendants' motion for summary judgment was when he filed the instant motion on January 3, 2007, nearly a month after he filed his opposition to Defendants' motion and three (3) weeks after the hearing that was held by the Court regarding same. In the absence of any explanation to account for his delay in seeking the requested relief, Plaintiff's motion should be denied. See id.;

5

see also Vargas-Ruiz v. Golden Arch Dev., Inc., 368 F.3d 1, 4 (1st Cir. 2004) (Rule 56(f) motion should be filed "promptly upon service of defendant's dispositive motion.").

    2. <u>Plaintiff has failed to demonstrate good cause for the failure to discover the necessary facts sooner.</u>

Plaintiff also did not exercise due diligence in his attempts to discover the information at issue. The October 31, 2006 discovery deadline in this matter was set by the Court at the March 31, 2006 scheduling conference. The first time Plaintiff sought to discover any information related to the SRO grant application was at Mr. Laronda's October 13, 2006 deposition, six and a half (6½) months into the discovery period and less than three (3) weeks prior to the discovery deadline. At that time, Plaintiff had not yet sought to amend his Complaint to include any allegations relative to the SRO grant. Had Plaintiff sought to discover the information earlier in the discovery period, the issues that have now arisen due to the expiration of the discovery period and the pending summary judgment would not have been encountered.

In addition, and contrary to Plaintiff's assertions, counsel for Defendants did not engage in "an eleventh hour refusal to comply with Plaintiff's previous discovery requests." As Defendants' counsel clearly stated in his November 17, 2006 email to Plaintiff's counsel, he was unavailable on the date on which Plaintiff had noticed the continuation of the depositions in question. See Exhibit B to Plaintiff's Memorandum In Support Of Motions To Stay Summary Judgment And Compel Discovery. While Defendants' counsel also noted Defendants' objection to resuming the depositions on the ground that the discovery deadline had already passed, he also provided alternative dates that he was available, subject to confirmation with Defendants, as Plaintiff's counsel had requested. Notwithstanding this, no further efforts were made by Plaintiff's counsel to reschedule the depositions subsequent to November 18, 2006 nor did Plaintiff file a motion with the Court to compel the depositions until the instant motion was filed on January 3, 2007.

Based on the foregoing, Plaintiff has failed to show good cause for his failure to discover the facts in question sooner.  See Adorno, 443 F.3d at 127.

3. Plaintiff has not set forth a plausible basis for believing that the necessary facts probably exist.

Plaintiff's submission to the Court in support of his motion does not advance a plausible basis for believing that the necessary facts probably exist.  As Defendants pointed out in support of their motion for summary judgment, Plaintiff testified at his deposition that his conversation with Chief Abbott on November 7, 2004 about his going to the FBI was limited to the White Mountain Cable details allegations and did not include the SRO grant allegations Plaintiff is trying to belatedly assert.  See Plaintiff's Deposition Vol. I at 145-48.[2]  Plaintiff's assertion that Chief Abbott falsified the application and retaliated against Plaintiff for purportedly speaking out against same is based on pure speculation, is unsupported by Plaintiff's own testimony and is insufficient to meet the Rule 56(f) standard.  See Adorno, 443 F.3d at 127.

4. Plaintiff has not demonstrated that the sought facts, if found, will influence the outcome of the pending motion for summary judgment.

As a threshold matter, the facts being sought by Plaintiff are outside the scope of his current Complaint and his motion to add to his Complaint the allegations that are premised upon the SRO grant application has been denied by the Court.

Moreover, all of the alleged retaliatory conduct asserted in Plaintiff's current Complaint has been attributed by Plaintiff to his having spoken out against the White Mountain Cable detail allegations.  See generally Complaint.  In addition, all of the purported retaliation that is alleged in the current Complaint predates the November 7, 2004 conversation Plaintiff is now asserting that he had with the Chief regarding the SRO Grant.  See id.  That the SRO grant theory of

---

[2] The excerpt from Plaintiff's deposition was attached to the Affidavit of Joseph S. Fair which was filed with the Court on November 15, 2006 in support of Defendants' Motion For Summary Judgment.

recovery has not even been raised in the current Complaint is reason alone to deny Plaintiff's motion.

Additionally, and as was noted in the preceding section, Plaintiff's deposition testimony reflects that he never advised Chief Abbott during their November 7, 2004 telephone conversation that he was going to the FBI with any allegations related to the SRO grant application.  Since Plaintiff did not notify the Chief of this, it is unclear as to how discovery of any facts related to the grant application process is going to have any bearing on Plaintiff's ability to defend against Defendants' motion for summary judgment.  Simply stating that the discovery is necessary or critical is not enough.  See C.B. Trucking Inc. v. Waste Management, Inc., 137 F.3d 41, 45 (1st Cir. 1998).

In short, Plaintiff has not met his burden of showing that discovery of the facts at issue will influence the outcome of summary judgment.  In the absence of such a showing, Plaintiff's motion should be denied.  See Adorno, 443 F.3d at 127.

### B.     PLAINTIFF'S MOTION TO COMPEL SHOULD BE DENIED.

For the reasons articulated in Section A above and in Defendants' opposition to Plaintiff's Motion For Leave To File A Third Amended Complaint, which is incorporated herein by reference, Plaintiff's motion to compel should also be denied.

### C.     PLAINTIFF'S REQUEST FOR SANCTIONS SHOULD BE DENIED. [3]

Where a Court finds that the opposition to the motion to compel was "substantially justified" or that other circumstances exist that would make an award of attorneys fees unjust, a motion for attorneys fees under Fed.R.Civ.P. 37(a)(4) should not be granted.  American Hangar, Inc. v. Basic Line, Inc., 105 F.R.D. 173, 176 (D.Mass. 1985).

---

[3] Despite Plaintiff's assertions, Defendants are not in violation of any Court order.  The ruling from Magistrate Judge Alexander was a denial of Defendants' motion for protective order.

As was discussed above, Defendants' counsel stated in his November 17, 2006 email to that he was unavailable on the date on which Plaintiff had noticed the continuation of the depositions in question.  See Exhibit B to Plaintiff's Memorandum In Support Of Motions To Stay Summary Judgment And Compel Discovery.  Although he also noted Defendants' objection to resuming the depositions, at the same time, Defendants' counsel provided Plaintiff's counsel with alternative dates that he was available, subject to confirmation with Defendants, as Plaintiff's counsel had requested.  Despite this, no further efforts were made by Plaintiff's counsel to reschedule the depositions.

In light of this, it was reasonable for Defendants to believe that Plaintiff had elected to abandon the issue.  Had Plaintiff rescheduled the depositions, Defendants' objection notwithstanding, Defendants would have been required to make a choice:  either attend the depositions or file a motion with the Court for a protective order.  Since Plaintiff seemingly had let the issue drop by not rescheduling them and not pursuing a motion to compel, Defendants were never forced to make that decision.  That Plaintiff did not take any steps to amend his Complaint to add the SRO grant issue until December 12, 2006, after Defendants had already filed for summary judgment, only further suggested to Defendants that Plaintiff was not going to press the matter.  It was not until Plaintiff's counsel telephoned Defendants' counsel on January 3, 2007 that Defendants became aware that Plaintiff intended to pursue the outstanding deposition issue as it related to the SRO grant.[4]  Given that Defendants' motion for summary judgment and Plaintiff's motion to amend his Complaint to add the SRO grant allegations at issue were still pending at the time the parties conferred regarding Plaintiff's motion to compel, Defendants were not in a position to agree to further depositions under the circumstances and at

---

[4] Although Plaintiff contends that his counsel raised the issue in his counsel's affidavit to the Court in support of Plaintiff's Opposition To Defendants' Motion For Summary Judgment, as noted in Section A(1) above, said affidavit merely recited the events that took place.   A formal request for intervention by the Court was neither filed nor raised by Plaintiff until January 3, 2007.

such a late date.  Thus, even if the Court were to ultimately grant Plaintiff's instant motion to stay summary judgment and to compel discovery, Defendants were reasonably justified in not agreeing to further depositions when the parties conferred on January 3, 2007 and it would be unjust to punish Defendants as a result of Plaintiff's belated efforts to seek that discovery.  See Pan American Grain Manufacturing Co., Inc., v. Puerto Rico Ports, 295 F.3d 108, 117 (1st Cir. 2002); American Hangar, 105 F.R.D. at 176.

III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's Motion For Stay Of Summary Judgment and Motion To Compel Discovery And For Sanctions be denied.

DEFENDANTS

By their attorneys,

/s/Joseph S. Fair
David C. Jenkins (BBO# 251000)
Joseph S. Fair (BBO# 637818)
Kopelman and Paige, P.C.
 Town Counsel
101 Arch Street, 12th Floor
Boston, MA 02116
Dated:  January 18, 2007                                  (617) 556-0007

### Certificate of Service

This is to certify that on the date subscribed below I caused a copy of Defendants' Opposition To Plaintiff's Motion For Leave To File Third Amended Complaint to be served through the ECF system to the registered participants as identified on the Notice of Electronic Filing (NEF) and that non-registered participants, if any, were served with paper copies of said document.

Dated:  January 18, 2007                                  /s/ Joseph S. Fair
303977/60700/0503